■ SYLVIA HIMBER, as Administratrix of the Estate of BENJAMIN HIMBER, Deceased, et al., Respondents, v PFIZER LABORATORIES, Defendant, and HESKEL M. HADDAD, Appellant. — Order, Supreme Court, New York County (Sutton, J.), entered November 5, 1980, denying defendant Haddad's motion for sum-

mary judgment dismissing the sixth cause of action, unanimously reversed, on the law, without costs or disbursements, and the motion granted. Defendant Haddad, an ophthalmologist, treated the decedent, who had been complaining of a "floater" in his eye, on only one occasion — August 21, 1975, and, after taking a history and making a diagnosis of diabetic retinopathy, prescribed that the decedent take eight Bufferin tablets a day. The decedent had been a diabetic since 1952 and for 16 years, until 1975, had been taking Diabinese. He took the recommended dosage of Bufferin for about a week but discontinued it after he experienced severe hemorrhaging in the eyes. Later that year he lost his sight completely. He died on January 30, 1977, some 17 months later, from problems related to his long-standing diabetic condition. Plaintiff contends that, in view of the decedent's past medical history, prescribing Bufferin was contraindicated, and constituted a deviation from acceptable medical standards. Even accepting the contention that the ingestion of eight Bufferin tablets for one week caused an aggravation of the pre-existing diabetic condition and the subsequent blindness, although this is challenged by Haddad, plaintiff has presented no proof that the Bufferin played any part in the decedent's death 17 months later. At his examination before trial Haddad testified that the ingestion of Bufferin eight times a day for a total of one week in August of 1975 could not in any way have precipitated or accelerated the decedent's death in January of 1977. In opposing Haddad's motion for summary judgment plaintiff submits only an affirmation of counsel which fails to refute this testimony. No contrary medical opinion is offered. Where the moving party has demonstrated its entitlement to summary judgment, the submission of a hearsay affirmation by counsel is insufficient to demonstrate the existence of a factual issue requiring a trial of the action. *(Zuckerman v City of New York,* 49 NY2d 557.) Concur — Sandler, J.P., Sullivan, Ross, Bloom and Fein, JJ.