■ HANNA PAN et al., Respondents, v RICHARD J. COBURN, Appellant. — Order entered September 15, 1982 in Supreme Court, New York County (Martin Evans, J.) denying plaintiffs' motion for summary judgment as to liability and defendant's cross motion for partial summary judgment, unanimously reversed, on the law, to the extent appealed from, and partial summary judgment dismissing the first cause of action, for negligence, is granted to defendant, with costs. In this medical malpractice action plaintiffs alleged that defendant negligently, and without the informed consent of plaintiff Hanna Pan, performed plastic surgery upon her. Plaintiffs moved for summary judgment as to liability on both causes of action, which motion Special Term denied on the ground that issues of fact existed. Plaintiffs have not appealed that ruling. Defendant also moved for partial summary judgment, asserting that he performed the operation in accordance with accepted standards of medical practice and, indeed, that nothing he "did or failed to do was a proximate cause of the injuries claimed in this case." Defendant's motion should have been granted. Plaintiffs refused to present in opposition any medical evidence that there had been a departure from the accepted standards of medical practice. Instead, counsel argued that the issue need not be reached unless the trier of fact, at trial, should find that defendant had legal consent to operate in the first place. This misses the point. Plaintiffs' two causes of action are legally distinct, and the absence of rebutting medical evidence demonstrating a departure from accepted medical procedure is fatal to the negligence cause of action. (*Himber v Pfizer Labs.*, 82 AD2d 776; CPLR 3212, subd [b]; see, also, *Zuckerman v City of New York,* 49 NY2d 557, 563; *Baldwin v Gretz,* 65 AD2d 876.) Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.

■ AMOS BUNIM, Individually and as Executor of IRVING BUNIM, Deceased, Respondent, v 300 CPW APARTMENTS CORP. et al., Appellants. — Appeal from order, Supreme Court, New York County (Arnold Guy Fraiman, J.), entered on August 13, 1982, dismissed as moot, without costs and without disbursements. It appears that a permanent injunction has been granted. No opinion. Concur — Ross, J. P., Carro, Fein, Lynch and Kassal, JJ.

■ In the Matter of DELLWOOD FOODS, INC., Respondent, v JACK SABLE, Appellant. — Appeals from two orders of the Supreme Court, New York County (Richard W. Wallach, J.), both entered on February 17, 1983, and from a judgment of said court entered thereon on March 24, 1983, withdrawn, with prejudice, each party to bear his own costs. No opinion. Concur — Kupferman, J. P., Carro, Asch, Bloom and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LYDON, Appellant. — Judgment, Supreme Court, New York County (Peggy Bernheim, J.), rendered on August 12, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sandler, J. P., Sullivan, Silverman, Fein and Milonas, JJ.