■ TAMMY NEUMAN, as Administratrix of the Estate of EMANUEL EHRLICH, Deceased, et al., Respondents, v ADRIAN GREENSTEIN et al., Defendants, and VASILIOS PRATILAS, Appellant. — Order, Supreme Court, New York County (Norman C. Ryp, J.), entered December 3, 1982, denying defendant Pratilas' motion for summary judgment, unanimously reversed, on the law, without costs, the motion is granted and the complaint is dismissed as against that defendant. ¶ Plaintiffs' decedent underwent an emergency operation in December, 1978. He expired six days later; one of the causes of death was listed as pulmonary congestion. ¶ Dr. Pratilas, who was not involved in any prior surgery or treatment of the decedent, was the attending anesthesiologist during the operation in question. In support of his motion for summary judgment, Dr. Pratilas stated that he "did not deviate from good and acceptable medical practices in administering anesthesia to the decedent". Such "expert opinion evidence" from a party defendant is not inappropriate here, and in fact requires some expert response from plaintiff on the question of alleged deviation from proper and approved medical practice (see *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 25). The only response to Dr. Pratilas' summary judgment motion was an affirmation by plaintiffs' attorney which merely reviewed in general the law on summary judgment and incorporated by reference the verified bill of particulars. ¶ Submission of a hearsay affirmation by counsel alone does not satisfy the requirement that a party opposing a motion for summary judgment, to which the movant would otherwise be entitled, demonstrate by admissible evidence the existence of a factual issue for trial (*Zuckerman v City of New York,* 49 NY2d 557; *Himber v Pfizer Labs.,* 82 AD2d 776). Where a medical malpractice defendant, in a motion for summary judgment, asserts that he performed the operation in accordance with accepted standards of medical practice, and thus should not have been named as a party defendant, the plaintiff must respond with rebutting medical evidence demonstrating a departure from accepted medical procedure (*Pan v Coburn,* 95 AD2d 670). "The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified" (*Indig v Finkelstein,* 23 NY2d 728, 729). At least some statement of medical expertise in rebuttal was required in order to defeat defendant's motion for summary judgment (see *Canter v Mulnick,* 93 AD2d 751, 752). Concur — Sandler, J. P., Asch, Silverman, Fein and Alexander, JJ.