■ **BETTY ECHEVERRI** et al., Respondents, v **FLUSHING HOSPITAL & MEDICAL CENTER**, Appellant, et al., Defendants.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant Flushing Hospital and Medical Center (hereinafter the hospital) appeals (1) from an order of the Supreme Court, Queens County (Lonschein, J.), dated April 26, 1985, which denied its motion for summary judgment dismissing the plaintiffs' complaint as against it, and (2) as limited by its brief, from so much of an order of the same court, dated August 20, 1985, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order dated April 26, 1985 is dismissed, without costs or disbursements, as that order was superseded by the order granting renewal and reargument; and it is further,

Ordered that the order dated August 20, 1985 is reversed insofar as appealed from, on the law, without costs or disbursements, the order dated April 26, 1985 is vacated, the motion of the defendant hospital for summary judgment is granted, and the plaintiff's complaint is dismissed as against it.

In this medical malpractice action, the hospital moved for summary judgment dismissing the plaintiffs' complaint as against it. In support of the motion, the hospital submitted, *inter alia,* a detailed affidavit dated March 27, 1985, from a qualified physician who concluded that the hospital, in its treatment of the plaintiff Betty Echeverri, had acted in accordance with good and accepted medical practice at all times. The primary response to this motion was an affirmation by the plaintiffs' attorney which, *inter alia,* simply attested to the strength of the plaintiffs' case.

Under these circumstances, the hospital's motion for summary judgment should have been granted. As the court stated in *Neuman v Greenstein* (99 AD2d 1018): "Submission of a hearsay affirmation by counsel alone does not satisfy the requirement that a party opposing a motion for summary judgment, to which the movant would otherwise be entitled, demonstrate by admissible evidence the existence of a factual issue for trial *(Zuckerman v City of New York,* 49 NY2d 557; *Himber v Pfizer Labs.,* 82 AD2d 776). Where a medical malpractice defendant, in a motion for summary judgment, asserts that he performed the operation in accordance with accepted standards of medical practice, and thus should not have been named as a party defendant, the plaintiff must

respond with rebutting medical evidence demonstrating a departure from accepted medical procedure *(Pan v Coburn,* 95 AD2d 670). 'The burden upon a party opposing a motion for summary judgment is not met merely by a repetition or incorporation by reference of the allegations contained in pleadings or bills of particulars, verified or unverified' *(Indig v Finkelstein,* 23 NY2d 728, 729). At least some statement of medical expertise in rebuttal was required in order to defeat defendant's motion for summary judgment (see *Canter v Mulnick,* 93 AD2d 751, 752)" *(cf. Winegrad v New York Univ. Med. Center,* 64 NY2d 851).

Accordingly, Special Term should have granted summary judgment to the hospital.

Finally, despite the lack of any cross appeal by the plaintiff, we note that so much of the order dated August 20, 1985, as granted the hospital's motion to renew its prior motion for summary judgment, was error. In the hospital's papers in support of its motion to renew its prior motion for summary judgment, it submitted an affidavit dated June 7, 1985, from the very same physician who had submitted the March 27, 1985 affidavit in support of the initial motion for summary judgment. The affidavit dated June 7, 1985 was even more detailed than the affidavit dated March 27, 1985. In this regard, the hospital "violated the rule prohibiting successive motions for summary judgment in the guise of motions to renew where the 'new' material could have been submitted with the original motion for summary judgment" *(Rose v La Joux,* 93 AD2d 817, 818). Nevertheless, in view of the sufficiency of the physician's March 27, 1985 affidavit, the court should have granted the initial motion for summary judgment in favor of the hospital. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.