OPINION OF THE COURT
Alexander, J.
In this medical malpractice action, the Appellate Division has affirmed Supreme Court’s denial of defendant Stark’s motion for summary judgment and has granted leave to appeal to this court on the certified question: "Was the order of Supreme Court, as affirmed by this Court, properly made?” For the reasons that follow, we reverse the order of the Appellate Division, grant defendant Stark’s motion for summary judgment, and answer the certified question in the negative.
Plaintiff Maria Alvarez was admitted to Prospect Hospital twice in 1978 and twice in 1979, each time complaining of abdominal pain. Dr. Stark, as the chief of radiology at the hospital, interpreted several radiological studies performed on plaintiff during these visits. As relevant here, during plaintiffs second visit to the hospital in 1978, Dr. Stark interpreted a barium enema X ray as revealing "cecal neoplasm” of the *323 cecum of the colon, and so indicated in his written report transmitted to plaintiffs attending physician. Plaintiff was discharged from the hospital a short time later with a diagnosis of gastroenteritis. During plaintiffs second visit in 1979, Dr. Stark again interpreted a barium enema X ray of the plaintiff and again made a finding of "cecal neoplasm”, which was indicated in his written report again transmitted to plaintiffs attending physician. A short time later, plaintiff underwent surgery to remove a malignant growth in her colon.
This action was thereafter commenced against the hospital and nine physicians, including Dr. Stark. Plaintiffs amended complaint alleges, in general and unparticularized terms, that the medical care and treatment rendered by each defendant "was so negligent, reckless and careless as to constitute the * * * care and treatment as negligence, carelessness, recklessness, misfeasance, malfeasance and malpractice”. In her bill of particulars, plaintiff alleged that she was unable to state with exactitude which specific negligent acts were performed by each particular defendant but claimed that "defendants violated every known medical standard in existence at the time of plaintiffs care and treatment” and in over three pages of boilerplate allegations described acts and omissions constituting medical malpractice. Plaintiff relied almost entirely upon Dr. Stark’s reports indicating the presence of a cecal neoplasm in order to establish her claim of malpractice for "failing to discover and/or treat the nature and cause of lesions and/or irregularities noted in barium enemas”, "failing to explain, attempt to explain, or perform tests, procedures, examinations, and/or surgery which would have explained the inconsistency between the normal colonoscopic examination of plaintiff and the lesions and/or irregularities noted upon the barium enema(s) performed” and "failing to determine the origin, nature and/or cause of a lesion which was found in a barium enema”.
Following completion of his examination before trial, Dr. Stark moved for summary judgment, including in his motion papers an affirmation of his attorney, to which were attached the relevant hospital records and portions of his deposition testimony. The attorney’s affirmation pointed out that plaintiff had adopted Dr. Stark’s interpretations of the barium enema X rays as the basis for her claim against the other defendants that there was a failure to diagnose the cecal neoplasm at an early stage of her treatment. Counsel argued that because *324 plaintiff had not alleged in either her complaint or bill of particulars that Dr. Stark’s interpretation of the X rays was erroneous or incomplete, judgment as a matter of law was warranted. It was argued that the hospital records supported the conclusion that Dr. Stark had made a timely and accurate diagnosis which formed the basis for plaintiff’s allegations of malpractice against her treating doctors. Dr. Stark’s deposition testimony asserted that his diagnosis was correct and that, as a radiologist, he is not required to treat patients and indeed never performed a physical examination on the plaintiff.
In an attorney’s affidavit submitted in opposition to the motion, plaintiff contended that there were issues of fact as to whether Dr. Stark, after having interpreted the radiological studies ordered by the treating physicians, should have discussed, such results with the treating physicians and should have monitored the plaintiff’s condition to insure that the treating physicians dealt properly with the plaintiff’s condition. Supreme Court denied defendant’s motion for summary judgment, finding that questions of fact had been raised concerning the duty, if any, of the defendant with respect to the plaintiff’s treatment. A divided Appellate Division affirmed (115 AD2d 444). We now reverse.
As we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (Winegrad v New York Univ. Med. Center, supra, at p 853). Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Zuckerman v City of New York, supra, at p 562). In a medical malpractice action, a plaintiff, in opposition to a defendant physician’s summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact (Fileccia v *325 Massapequa Gen. Hosp., 63 NY2d 639, affg 99 AD2d 796; Neuman v Greenstein, 99 AD2d 1018; Buonagurio v Drago, 65 AD2d 830, lv denied 46 NY2d 708). General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician’s summary judgment motion (Fileccia v Massapequa Gen. Hosp., supra; Bustamonte v Koval, 98 AD2d 739; Pan v Coburn, 95 AD2d 670; Himber v Pfizer Labs., 82 AD2d 776; Baldwin v Gretz, 65 AD2d 876).
On this record, defendant’s submissions in support of his motion for summary judgment satisfy the prima facie showing required to warrant judgment as a matter of law if not rebutted by the plaintiff. A fair reading of the attorney’s affirmation, the hospital records and the defendant’s deposition testimony compel the conclusion that no material triable issues of fact exist as to the claims of malpractice asserted against the defendant in the amended complaint as amplified by the bill of particulars. The fact that defendant’s supporting proof was placed before the court by way of an attorney’s affirmation annexing deposition testimony and other proof, rather than affidavits of fact on personal knowledge, is not fatal to the motion (Olan v Farrell Lines, 64 NY2d 1092, 1093). Dr. Stark’s deposition testimony is supported by the hospital records and rebuts with factual proof plaintiff’s claim of malpractice and thus is sufficient proof that he properly and timely diagnosed the plaintiff’s condition and did not depart from the accepted standard of care in the medical community (Witt v Agin, 67 NY2d 919, affg 112 AD2d 64; Winegrad v New York Univ. Med. Center, 64 NY2d 851, supra; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639, affg 99 AD2d 796, supra; Neuman v Greenstein, 99 AD2d 1018, supra).
Winegrad (64 NY2d 851, supra) is not to the contrary. There, the plaintiff alleged, among other things, that the defendant doctors had misrepresented that the surgery was completed when in fact they had failed to complete the surgery and alleged further that they were not qualified to treat plaintiff. All that was tendered by the doctors in support of their summary judgment motion was an affidavit by each which did no more than simply state, in conclusory fashion, that they had acted in conformity with the appropriate standard of care. On the record in that case, we held that the “bare conclusory assertions echoed by all three defendants that they did not deviate from good and accepted medical *326 practices, with no factual relationship to the alleged injury, do not establish that the cause of action has no merit so as to entitle defendants to summary judgment” (id,., at p 853). By contrast, Dr. Stark’s papers here refute by specific factual reference the allegations of malpractice made by plaintiff in her amended complaint and bill of particulars.
This case is substantially similar to Fileccia v Massapequa Gen. Hosp. (63 NY2d 639, affg 99 AD2d 796, supra), where we affirmed an Appellate Division order granting summary judgment to a defendant radiologist in a medical malpractice action. The plaintiff there was a patient in the emergency room of the hospital and was X-rayed at the attending physician’s request because of possible fractures of the cheekbone. The physician interpreted the X rays as not indicating any fractures and plaintiff was discharged. Two days later, defendant, a Board certified radiologist and head of the hospital’s pathology department, reviewed the X rays and concurred in the interpretation that no fractures were revealed. Subsequently, plaintiff was diagnosed at another hospital as having sustained fractures of certain facial bones and was hospitalized. Plaintiff commenced a medical malpractice action claiming the defendant radiologist negligently interpreted the X rays. Defendant moved for summary judgment, submitting a personal affidavit, an affirmation of his attorney and his deposition testimony, arguing that he did not perform the X-ray examination, did not treat or examine the plaintiff and that the X rays he had interpreted did not reveal any fractures. In response to defendant’s motion, plaintiff submitted an attorney’s affirmation to which was annexed copies of the medical records and X-ray reports revealing the alleged fractures. In reversing Special Term and granting summary judgment, the Appellate Division noted that the radiologist had never performed a physical examination of the plaintiff and his only contact with the plaintiff was to read X rays taken of plaintiff by others. Under these circumstances, the court ruled that defendant had established his right to judgment as a matter of law and that plaintiff’s submissions were devoid of any medical evidence tending to establish that defendant had negligently read or interpreted the X rays and therefore were not sufficient to defeat the motion for summary judgment (see also, Witt v Agin, 67 NY2d 919, affg 112 AD2d 64, supra).
Here, too, defendant’s submissions are sufficient to establish his entitlement to judgment as a matter of law and the burden thus shifted to plaintiff to produce evidentiary proof in *327 admissible form establishing the existence of material questions of fact. Plaintiffs sole submission was an affidavit of her attorney, which attempted for the first time to create a theory of liability against defendant Stark different from that asserted in the amended complaint and the bill of particulars. This new theory was predicated on the hypothesis that Stark had a duty to consult with the attending physicians concerning his interpretation of the X rays notwithstanding that his reports containing his interpretations were forwarded to the attending physicians. Just as the burden of a party opposing a motion for summary judgment is not met merely by repeating or incorporating by reference the allegations contained in the pleadings or bills of particulars (Indig v Finkelstein, 23 NY2d 728, 729), neither is that burden met by the unsubstantiated assertions or speculations of plaintiff’s counsel that a defendant may have breached a possible duty of care (Fileccia v Massapequa Gen. Hosp., supra; Zuckerman v City of New York, supra, at p 562; see, Roche v Hearst Corp., 53 NY2d 767, 769; Barr v County of Albany, 50 NY2d 247, 257-258). In this case, in order to defeat defendant’s motion for summary judgment some statement of expert medical opinion was required to demonstrate the viability of the new theory of liability hypothesized by plaintiff’s counsel (Witt v Agin, 67 NY2d 919, affg 112 AD2d 64, supra; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639, affg 99 AD2d 796, supra; Immediate v St. John’s Queens Hosp., 48 NY2d 671; Neuman v Greenstein, 99 AD2d 1018, supra; Pan v Coburn, 95 AD2d 670, supra; Himber v Pfizer Labs., 82 AD2d 776, supra).
Accordingly, the order of the Appellate Division should be reversed, Dr. Stark’s motion for summary judgment granted and the certified question answered in the negative.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur.
Order reversed, with costs, defendant Stark’s motion for summary judgment granted, and question certified answered in the negative.