■ CINDY WERTHEIMER et al., Respondents, v BARRY PALEY, Appellant.—In an action to recover damages for dental malpractice, etc., the defendant appeals from an order of the

Supreme Court, Westchester County (Marbach, J.), dated May 6, 1987, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

As has been repeatedly stated: "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d, 395, 404). Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers *(Matter of Redemption Church of Christ v Williams,* 84 AD2d 648, 649; *Greenberg v Manlon Realty,* 43 AD2d 968, 969)" *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853).

Contrary to the defendant's contention, his affidavit and supporting documents are not sufficient proof that he properly treated plaintiff Cindy Wertheimer and that he did not depart from the accepted standard of care in the dental community. In his affidavit, the defendant merely alleged, in pertinent part, that he was "familiar with the facts of this case" and that he "did not deviate from the normal standards of dental care recognized in the County of Westchester in [his] treatment of Cindy Wertheimer". These allegations, even taken together with the defendant's unsigned deposition, annexed to his attorney's reply affirmation, do not specifically refute with factual reference the plaintiffs' claims of malpractice set forth in detail in their complaint and verified bill of particulars. As noted by the Court of Appeals, "the bare conclusory [assertion by the defendant] that [he] did not deviate from good and accepted medical practices, with no factual relationship to the alleged injur[ies], do[es] not establish that the cause of action has no merit so as to entitle [him] to summary judgment" *(Winegrad v New York Univ. Med. Center, supra,* at 853). *Alvarez v Prospect Hosp.* (68 NY2d 320, 324), *Neuman v Greenstein* (99 AD2d 1018), *Fileccia v Massapequa Gen. Hosp.* (63 NY2d 639), *Pan v Coburn* (95 AD2d 670), *Himber v Pfizer Labs.* (82 AD2d 776) and *Baldwin v Gretz* (65 AD2d 876), relied upon by the defendant, are inapposite, since in those cases, the defendant's affidavit, coupled with supporting documentation, set forth everything that the defendant had done during the treatment of the patient and indicated that the treatment was not the proximate cause of the patient's complaints.

In this case, since the defendant failed to set forth a prima facie showing that the plaintiffs' claims were without merit, the denial of his summary judgment motion was warranted, despite the insufficiency of the plaintiffs' opposing papers. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.