■ Diane L. Burt, Respondent, v Lenox Hill Hospital et al., Defendants, and K. Ragnarsson, Appellant.—Order of the Supreme Court, New York County (Helen E. Freedman, J.), entered September 1, 1987, which denied the motion of defendant Ragnarsson for summary judgment, is unanimously reversed, on the law, and the motion granted, without costs or disbursements.

Plaintiff Burt was admitted to defendant Lenox Hill Hospital on September 2, 1982. She was unable to raise her arms above her head or raise her right leg and she complained of numbness of her upper and lower extremities. In addition, while in this hospital, she suffered seizures. She was examined and treated by internists, neurologists and neurosurgeons. Surgery was considered and unanimously ruled out.

On October 5, 1982, plaintiff was transferred to Rusk Institute of defendant New York University Medical Center, upon the recommendation of the treating neurologists and examining neurosurgeons, for rehabilitation therapy in lieu of surgery. While there she received physical therapy, occupational therapy and vocational rehabilitation under the supervision of defendant Ragnarsson, a specialist in rehabilitative medicine. She remained at Rusk until November 24, 1982, and following her discharge continued in out-patient therapy. Thereafter, she underwent surgery by defendant Patrick O'Leary and was again referred to Dr. Ragnarsson for physical therapy after the surgery.

Defendant Ragnarsson moved for summary judgment alleg-

ing that he did not depart from accepted medical standards in his treatment of plaintiff. In support of this, defendant asserted that it would have been grossly inappropriate for him, as a specialist in rehabilitative medicine, to act contrary to the recommendation of plaintiff's treatment physicians. Further, he noted that plaintiff made significant improvement during her regimen of therapy in terms of muscle strength and functional activities. He, therefore, concluded that any attempt at surgical correction of her condition would have been inappropriate.

In a supporting affirmation, Dr. Murray Budabin, a neurologist, recounted that at Lenox Hill surgery was unanimously ruled out and plaintiff was transferred to Rusk Institute, where she made "significant progress". He stated, in part: "As a specialist in rehabilitation medicine, the role of Dr. Ragnarsson in the treatment of Ms. Burt was strictly limited to reeducating and strengthening her weakened and spastic muscles and optimizing her ability to function. Dr. Ragnarsson is neither a neurologist nor a neurosurgeon. Thus, it would have been inappropriate for him to second guess the determination of the treating specialists with regard to the need for surgery."

In response to this motion, plaintiff submitted an attorney's affirmation and an affidavit from Dr. Sidney M. Cohen, a neurologist and psychiatrist who treated plaintiff. He opined that: "[B]ased upon a reasonable degree of medical certainty * * * Dr. Ragnarsson departed from good and accepted medical practice in the care and treatment he rendered Ms. Burt and more particularly * * * it was a departure by Dr. Ragnarsson to continue the physical therapy that he rendered Ms. Burt and further a departure from good and accepted practice not to recognize the need for spinal surgery and refer her for same."

The submission by movant of his affidavit and the affirmation by Dr. Budabin, together with portions of his own deposition and portions of the depositions of Drs. Javitt, Hoffman and Kvam, and the final discharge summary, all in support of his motion, constituted a prima facie showing of entitlement to judgment as a matter of law. "Once this showing had been made * * * the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action *(Zuckerman v City of New York, supra,* at p 562). In a medical malpractice action, a plaintiff, in opposition to a defendant physician's

summary judgment motion, must submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician that he was not negligent in treating plaintiff so as to demonstrate the existence of a triable issue of fact *(Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639, *affg* 99 AD2d 796; *Neuman v Greenstein,* 99 AD2d 1018; *Buonagurio v Drago,* 65 AD2d 830, *lv denied* 46 NY2d 708). General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion *(Fileccia v Massapequa Gen. Hosp., supra; Bustamonte v Koval,* 98 AD2d 739; *Pan v Coburn,* 95 AD2d 670; *Himber v Pfizer Labs.,* 82 AD2d 776; *Baldwin v Gretz,* 65 AD2d 876)." *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325.)

Apparently, because the affidavit in opposition was submitted by a physician, even though deeming it "not comprehensive", the IAS court found it "sufficient" to defeat a motion for summary judgment. However, the medical affidavit by Dr. Cohen in opposition was "merely conclusory and unsupported by competent evidence". Further, it does not present any evidentiary facts "tending to establish the essential elements of medical malpractice" *(supra,* at 325).

Since the "bare bones" statement by Dr. Cohen was unsupported by any specific reference to the medical record and contained only his general and conclusory opinion that it was a departure from accepted medical practice to continue physical therapy, plaintiff failed to meet her burden and rebut movant's prima facie showing of a lack of negligence *(see, Alvarez v Prospect Hosp., supra).* Concur—Kupferman, J. P., Ross, Carro, Asch and Rosenburger, JJ.