■ FRANK AIELLO, Respondent, v MILLIE GARCIA, Respondent, and JOANNE MIDDLETON et al., Appellants. [638 NYS2d 854] —In an action to recover damages, *inter alia,* for wrongful death as a result of medical malpractice, the defendants Joanne Middleton, Linda Baxter, and Nancy Campau appeal from an order of the Supreme Court, Kings County (Clemente, J.), dated July 29, 1994, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendant is severed.

Contrary to the contentions of the plaintiff and the defendant Millie Garcia, and the conclusion of our dissenting colleague, the appellants made a prima facie showing of entitlement to summary judgment, thereby shifting the burden to the opposing parties to demonstrate the existence of a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325). The appellants' submissions clearly refuted the plaintiff's claim of malpractice with factual proof *(see, Alvarez v Prospect Hosp., supra,* at 325). The affidavit of the plaintiff's medical expert was insufficient to raise an issue of fact as to whether the appellants breached any duty of care owed to the decedent *(see, Markley v Albany Med. Ctr. Hosp.,* 163 AD2d 639). Consequently, the Supreme Court erred in denying the appellants' motion for summary judgment. Santucci, J. P., Altman and Goldstein, JJ., concur.

Friedmann, J., dissents and votes to affirm the order appealed from with the following memorandum: In my opinion,

the appellants' motion for summary judgment was properly denied because they failed, as a matter of law, to make a prima facie showing of entitlement thereto. The appellants' motion papers consist of an attorney's affidavit, excerpts from the appellants' testimony as to the duty they owed to the decedent Loretta Aiello, and protocols that the appellants themselves had drafted, supported by their testimony that their treatment of the plaintiff's decedent satisfied these protocols. As the appellants' motion is unsupported by an expert's affidavit establishing that the aforementioned protocols comport with an acceptable standard of care in the profession of midwifery, it was properly denied, *regardless* of the nature and quality of the opposing papers *(see, e.g., Fiore v Galang,* 64 NY2d 999; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Romano v St. Vincent's Med. Ctr.,* 178 AD2d 467; *Wind v Cacho,* 111 AD2d 808).

This is not a case like *Alvarez v Prospect Hosp.* (68 NY2d 320), where the Court found that the defendant radiologist was entitled to summary judgment without submitting an "affidavit of fact on personal knowledge", because the deposition and medical evidence he submitted with his attorney's affidavit substantiated that he had entirely discharged his duty to the plaintiff by correctly interpreting several radiological studies, and by forwarding a written report to the plaintiff's attending physician. Indeed, in *Alvarez,* the defendant's accurate interpretation of the plaintiff's X-rays formed the basis of her claim against the other defendants *(see also, Fileccia v Massapequa Gen. Hosp.,* 63 NY2d 639). By contrast with *Alvarez,* the scope of the appellants' duty to the plaintiff in the matter at bar is unclear. According to *the appellants,* their duty is circumscribed by their own protocols, which "reflect the standards of practice [of] the American College of Nurse Midwives", even though the appellants' protocols were drafted without any "specific transfer of words" from the guidelines of the American College of Nurse Midwives. In the absence of an affidavit from an expert attesting to the validity of the appellants' protocols, the Court has no independent yardstick against which to assess the appellants' claims that they and their protocols did not deviate from accepted standards of practice.

In any event, even if we assume that the appellants' submissions sufficed to establish the validity of their protocols *(see, e.g., Neuman v Greenstein,* 99 AD2d 1018; *Pan v Coburn,* 95 AD2d 670), the plaintiff carried his burden of demonstrating that there were issues of fact requiring a trial because the appellants had failed to follow said protocols in treating the

plaintiff's decedent. Specifically, the plaintiff's expert, Dr. Emmanuel Fletcher, an internist—who is certainly competent to comment upon the scope of the duties of a nurse-midwife under circumstances such as these—submitted an affidavit in which he averred, *inter alia,* that the appellants had departed from good practice in referring the decedent to their consultant for evaluation of her apparent breast pathology, without thereafter conferring with the consultant regarding the results of his examination, as the protocols would seem to require *(see, e.g., Cerkvenik v County of Westchester,* 200 AD2d 703). Indeed, even the Court in *Alvarez v Prospect Hosp.* (68 NY2d 320, *supra),* in granting summary judgment to the defendant, suggested that the plaintiff could have defeated his motion had she submitted an expert's affidavit in support of her attorney's theory, raised for the first time in a reply affirmation, that the radiologist "had a duty to consult with the attending physicians concerning his interpretation of the X rays notwithstanding that his reports containing his interpretations were forwarded to the attending physicians" *(Alvarez v Prospect Hosp., supra,* at 327). How much more entitled to prevail is the plaintiff at bar, whose theory from the outset has been that the appellants had a duty under their own protocols to confer with their consultant, and who presented an expert's affidavit delineating how the appellants' breach of this duty caused the plaintiff's damages.

The plaintiff's expert further alleged in his affidavit that the appellants had exceeded their expertise as midwives—indeed, that they were effectively practicing medicine, as they acted, to their own knowledge, as the decedent's primary care giver. In so doing, Dr. Fletcher opined, the appellants had departed from accepted standards of midwives on the one hand, and of medical practice on the other.

Although the appellants had the opportunity to counter all of Dr. Fletcher's allegations by way of an expert's affidavit, they failed to submit such an affidavit even with their reply papers.

Because the appellants failed in the first instance to substantiate the scope of their duty of care by means of an expert's affidavit, and because they further failed to rebut the plaintiff's expert's affidavit establishing that there were questions of fact as to their duty of care and whether it had been breached in the decedent's case, the appellants' motion for summary judgment was properly denied.