■ BORIS VERTSBERGER et al., Appellants, v CITY OF NEW YORK et al., Defendants, and WELSBACH ELECTRIC CORP., Respondent. [776 NYS2d 836]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 13, 2003, as granted that branch of the motion of the defendant Welsbach Electric Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Boris Vertsberger allegedly sustained injuries when he fell after his foot became lodged in iron rods sticking up from a street light pole foundation. The injured plaintiff alleges that the dangerous condition was created during a street light installation and relocation project performed by the defendant Welsbach Electric Corp. (hereinafter Welsbach) under a contract with the defendant City of New York. According to Welsbach, a protective base installed at this location covered the allegedly dangerous condition. However, Welsbach contends that the protective base was removed by an unknown third party at some point before the accident.

The injured plaintiff and his spouse sued the City, as owner of the public sidewalk, Welsbach, as the contractor on the streetlight replacement project, and Consolidated Edison, as the electric utility supplying power to the streetlights. Welsbach moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it owed no duty to the injured plaintiff with respect to the allegedly dangerous condition. The Supreme Court, inter alia, granted that branch of the motion. We affirm insofar as appealed from.

Welsbach established its prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In response, the plaintiffs failed to raise a triable issue of fact. As a general rule, a party such as Welsbach, which enters into a contract to render services, has not assumed a duty of care to third parties outside the contract, such as the injured plaintiff, who allegedly was injured as a result of the negligent performance of such contractual obligation (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]). Furthermore, contrary to the plaintiffs' assertion, there was no

evidence that Welsbach created or exacerbated a hazardous condition so as to fall within an exception to the general rule (*see Espinal v Melville Snow Contrs., supra* at 141-142).

The plaintiffs' remaining contentions are without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.