■ Rajesh Ramphal et al., Respondents, v George Zandalasini et al., Appellants. (And a Third-Party Action.) [784 NYS2d 627]—In an action to recover damages for personal injuries, etc., the defendants George Zandalasini and Karen Carey appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated October 8, 2003, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Andrew Hendry and Gertrude Hendry separately appeal, as limited by their brief, from so much of the same order as denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The appellants failed to meet their burden of establishing a prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). They argued that the construction performed by the third-party defendant, Breezy Point Cooperative, Inc., was the sole proximate cause of

the plaintiff Rajesh Ramphal's injuries and therefore, they could not be held liable for those injuries. However, they failed to submit sufficient evidence to support this claim. Therefore, summary judgment was properly denied.

The appellants' remaining contentions are without merit. Florio, J.P., Krausman, Fisher and Lifson, JJ., concur.