■ Nikolai Katz et al., Plaintiffs-Appellants, v Eastern Construction Developing and Custom Homes, Inc., Respondent, and Franks Plumbing and Heating, Appellant. [954 NYS2d 600]—

In an action to recover damages for negligence and breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered May 26, 2011, as granted that branch of the motion of the defendant

Eastern Construction Developing and Custom Homes, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Franks Plumbing and Heating separately appeals from so much of the order as granted that branch of the motion of the defendant Eastern Construction Developing and Custom Homes, Inc., which was for summary judgment dismissing the cross claim against it.

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The defendant Eastern Construction Developing and Custom Homes, Inc. (hereinafter Eastern), established its prima facie entitlement to judgment as a matter of law dismissing the plaintiffs' negligence cause of action insofar as asserted against it by submitting evidence that the cause of the subject fire at the plaintiffs' premises was unrelated to its work, and that it committed no act from which a jury could rationally infer that it negligently caused the fire (*see Tower Ins. Co. v Allstate Ins. Co.*, 31 AD3d 630 [2006]). In addition, Eastern established its prima facie entitlement to dismissal of the plaintiffs' cause of action alleging breach of contract insofar as asserted against it by submitting, among other things, proposals for the work, which did not include fire protection services. In opposition, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiffs' remaining contentions are without merit.

Similarly, Eastern established its prima facie entitlement to judgment as a matter of law dismissing the cross claim of the defendant Franks Plumbing and Heating (hereinafter Franks). In opposition, Franks failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted Eastern's motion for summary judgment dismissing the complaint insofar as asserted against it and the cross claim against it. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.[Prior 