In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1) from a judgment of the Supreme Court, Kings County (Partnow, J.), dated January 24, 2012, which, upon an order of the same court dated January 3, 2012, granting the plaintiffs motion for summary judgment on the complaint, is in favor of the plaintiff and against it in the principal sum of $26,989.50, and (2), as limited by its brief, from so much of an order of the same court dated July 3, 2012, as, upon reargument, adhered to the original determination in the order dated January 3, 2012.
Ordered that the judgment is affirmed; and it is further,
Ordered that the order dated July 3, 2012, is affirmed insofar as appealed from; and it is further,
*777 Ordered that one bill of costs is awarded to the plaintiff.
The parties entered into a letter of agreement whereby the plaintiff agreed to conduct a review of the defendant’s Workers’ Compensation insurance policy in order to procure certain refunds or credits of insurance premiums previously paid. In exchange, the defendant agreed to pay the plaintiff 50% of any premiums or credits received by it from its insurer as a result of the plaintiffs service. Pursuant to a review of the defendant’s insurance policy, the plaintiff recommended a reclassification of certain “class codes” for individuals employed by the defendant. This reclassification resulted in a refund and credit to the defendant in the total sum of $53,797. Thereafter, the plaintiff sent the defendant an invoice to collect its 50% fee. When the defendant failed to pay the invoice, the plaintiff commenced the instant action, inter alia, to recover damages for breach of contract. The plaintiff moved for summary judgment on the complaint and the Supreme Court granted the motion.
“[Wjhen parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms” (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; Stars Jewelry by A Jeweler Corp. v Hanover Ins. Group, Inc., 104 AD3d 670, 671 [2013]). Here, giving the subject agreement its plain and ordinary meaning (see W.W.W. Assoc. v Giancontieri, 77 NY2d at 162), the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the parties’ agreement, copies of the refund checks sent to the defendant by the insurer, and the invoice it sent to the defendant wherein it sought payment of its 50% fee. In opposition, the defendant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the plaintiff’s motion for summary judgment, and, upon reargument, properly adhered to that determination. Rivera, J.E, Skelos, Chambers and Hall, JJ., concur.