# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**526**

**CA 14-01956**

PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

BAUSCH & LOMB INCORPORATED, PLAINTIFF-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

RES EXHIBIT SERVICES, LLC, DEFENDANT-APPELLANT.

---

PHILLIPS LYTLE LLP, ROCHESTER (CHAD W. FLANSBURG OF COUNSEL), FOR
DEFENDANT-APPELLANT.

NIXON PEABODY LLP, ROCHESTER (TERENCE L. ROBINSON, JR., OF COUNSEL),
AND LARIMER LAW, PLLC, PITTSFORD, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered August 14, 2014.  The order denied
defendant's motion for partial summary judgment and granted
plaintiff's cross motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  The parties entered into a "Services Agreement"
pursuant to which defendant agreed, inter alia, to provide trade show
services to plaintiff, and plaintiff agreed, inter alia, to pay for
those services in accordance with a two-tiered rate structure.
Whether payment was to be made at the higher tier, i.e., the Standard
Rate, or the discounted tier, i.e., the Adjusted B & L Rate (ABLR),
depended upon plaintiff's utilization of defendant's services at major
trade shows specifically designated in the Services Agreement.
Plaintiff utilized defendant at the first three major trade shows in
2012, in March, April, and June, but hired a new vendor for the fourth
such show in November 2012.  Plaintiff requested that defendant
release its property to the new vendor, which was to begin picking up
the property on October 1, 2012.  Defendant objected to plaintiff's
terms for releasing and moving the property and refused to release it
pursuant to those terms.  Plaintiff commenced this action seeking,
inter alia, the return of its trade show exhibits.  Defendant asserted
counterclaims seeking, inter alia, payment of sums allegedly remaining
due under the Services Agreement.

Supreme Court properly denied defendant's motion for partial
summary judgment, which sought an order, inter alia, finding plaintiff
liable for warehouse services provided by defendant and awarding
judgment for the amount of several unpaid invoices relating to those
services.  Defendant failed to meet its initial burden of establishing

its entitlement to judgment as a matter of law with respect to those items (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp*., 68 NY2d 320, 324).

The court also properly granted plaintiff's cross motion for partial summary judgment dismissing the counterclaims to the extent that they seek payment at the Standard Rate for services provided prior to October 1, 2012. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Ellington v EMI Music, Inc.*, 24 NY3d 239, 245 [internal quotation marks omitted]). Here, the Services Agreement clearly and unambiguously provides that the discounted ABLR rate was applicable at all of the major trade shows in which plaintiff utilized defendant's services. The Standard Rate was applicable in the event that plaintiff failed to utilize defendant's services for one or more major trade shows. In that event, plaintiff agreed to pay defendant at the Standard Rate for all services performed during the corresponding calendar quarter. Here, plaintiff utilized defendant's services at all major trade shows during the first three quarters of 2012 and, thus, the court properly concluded that the discounted ABLR rate applied to services provided by defendant prior to October 1, 2012, i.e., the beginning of the fourth quarter of 2012.

Entered:  June 12, 2015                        Frances E. Cafarell
                                                Clerk of the Court