Vandee v Suit-Kote Corp. (2022 NY Slip Op 04852)

Vandee v Suit-Kote Corp.

2022 NY Slip Op 04852

Decided on August 4, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND WINSLOW, JJ.

454 CA 21-01696

[*1]ANDREW G. VANDEE, JERRY PHALEN, JAMES LYNCH, ROGER SLATER, RICHARD THOMAS, ELIJAH CLOSSON, WILLIAM PRINDLE AND SHAWN KIRK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS-APPELLANTS,
v
SUIT-KOTE CORPORATION, DEFENDANT-RESPONDENT. 

FINN LAW OFFICES, ALBANY (RYAN M. FINN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BOND, SCHOENECK & KING PLLC, SYRACUSE (BRIAN J. BUTLER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered June 29, 2021. The order granted the motion of defendant for leave to reargue and, upon reargument, granted the motion of defendant for summary judgment insofar as it sought dismissal of the breach of contract cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion for summary judgment insofar as it sought to dismiss the first cause of action and reinstating that cause of action, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs are members of a class of employees who allege that defendant failed to pay them prevailing supplemental (or fringe) benefits for work they performed on various public works contracts. In a prior appeal, we concluded, inter alia, that Supreme Court properly denied defendant's cross motion for summary judgment dismissing the amended complaint "inasmuch as triable issues of fact exist with respect to whether defendant's payroll practices complied with Labor Law § 220 (3) and the corresponding regulations" (Vandee v Suit-Kote Corp., 162 AD3d 1620, 1621 [4th Dept 2018]). After that appeal, defendant moved for summary judgment dismissing plaintiffs' "putative class action claims." The court denied the motion with respect to the first cause of action, for breach of contract, which cause of action is based on plaintiffs' status as third-party beneficiaries of the public works contracts entered into by defendant (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 601 [2008]). Thereafter, defendant sought leave to reargue its motion with respect to the breach of contract cause of action. Plaintiffs now appeal from an order that granted leave to reargue and, upon reargument, granted summary judgment with respect to the breach of contract cause of action.
Pursuant to Labor Law § 220 (3) (b), contractors undertaking a public works project must provide their employees with supplemental benefits "in accordance with prevailing practices for private sector work in the same locality" (Matter of Chesterfield Assoc. v New York State Dept. of Labor, 4 NY3d 597, 600 [2005]). Supplemental benefits are defined as "all remuneration for employment paid in any medium other than cash, or reimbursement for expenses, or any payments which are not 'wages' within the meaning of the law, including, but not limited to, health, welfare, non-occupational disability, retirement, vacation benefits, holiday pay[,] life insurance and apprenticeship training" (§ 220 [5] [b]).
A contractor's obligations under the statute "will be fulfilled when employees are supplied with the cash equivalent of the cost of obtaining the prevailing benefits or by providing [*2]an equivalent benefits plan, or by a combination of benefits and cash equal to the cost of the prevailing benefits" (Matter of Action Elec. Contrs. Co. v Goldin, 64 NY2d 213, 218 [1984]). "In short, a contractor may provide supplemental benefits in any form or combination so long as the sum total is not less than the prevailing rate" (Chesterfield Assoc., 4 NY3d at 600).
Here, the parties agree that defendant failed to pay plaintiffs prevailing supplemental benefits for their work on the projects in question. The parties also agree that defendant properly calculated the amount of the shortfall in benefits by using the Department of Labor's "annualization regulation" set forth in 12 NYCRR 220.2 (d), and then made an irrevocable contribution in that amount to the Government Contractor's Benefit Trust (Trust), a pooled ERISA plan that defendant uses to provide benefits to all of its employees, including those who did not work on the public works contracts in question. The parties disagree, however, as to whether defendant's payment of the shortfall into the Trust satisfied its obligations under Labor Law § 220 (3) to pay prevailing supplemental benefits to its employees who worked on public works projects.
According to plaintiffs, defendant did not comply with the statute because defendant's payment of funds into the pooled Trust diluted the amount of money that was owed to plaintiffs as prevailing wage workers. The dilution occurred because funds from the Trust went to pay benefits for nonprevailing wage workers as well. Although plaintiffs concede that defendant was not required to pay them directly in cash for the shortage in supplemental benefits, they contend that they are legally entitled to receive from the Trust an amount of supplemental benefits that makes them whole for defendant's acknowledged failure to provide them with prevailing benefits. To achieve that result, plaintiffs assert, defendant must conduct additional annualization calculations, with corresponding contributions to the Trust, until plaintiffs are made whole for the entire shortfall in supplemental benefits.
Defendant asserts that it complied with Labor Law § 220 (3) (b) because it made up for the shortfall in benefits by paying into the Trust an amount of money equal to the shortfall, and that it is irrelevant whether that amount was received by or credited to plaintiffs because the purpose of the prevailing wage law is to equalize the labor costs for contractors who bid on public works projects, not to increase the pay or benefits of prevailing wage workers. Defendant further contends that there is no authority for plaintiffs' so-called "re-annualization" theory.
We agree with plaintiffs that defendant's payment of the shortage of supplemental benefits into the pooled Trust, as determined by the annualization regulation, does not satisfy its obligation to provide prevailing supplemental benefits to plaintiffs for their work on public works projects. Prior to 1956, Labor Law § 220 required only the payment of prevailing wages to employees who work on public works contracts (see Action Elec. Contrs. Co., 64 NY2d at 221-222). The statute carried out the constitutional mandate set forth in Article I, § 17 of the New York State Constitution, which requires the payment of prevailing wages on public works contracts (see Chesterfield Assocs., 4 NY3d at 599). In 1956, the legislature amended the statute to require the payment of prevailing supplemental benefits, not just wages to the covered workers (see Action Elec. Contrs. Co., 64 NY2d at 221). As defendant contends, the purpose of the amendment was to eliminate the unfair advantage in bidding on public works contracts that accrued to non-union contractors who did not provide employees with the same level of benefits afforded by union contractors, i.e., prevailing supplemental benefits (see id. at 222).
Nevertheless, the overall purpose of the prevailing wage statute, which was amended to cover supplemental benefits as well, is to hold the territorial subdivisions of the state "to a standard of social justice in their dealings with laborers, workmen, and mechanics" (Matter of Cayuga—Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney, 89 NY2d 395, 402 [1996], rearg denied 89 NY2d 1031 [1997] [internal quotation marks omitted]; see Chesterfield Assoc., 4 NY3d at 601). That purpose is not served unless prevailing wage workers are fully compensated, in cash or otherwise, for any shortage in the payment to them of supplemental benefits.
Consider, for example, a hypothetical contractor that fails to pay prevailing wages (as opposed to benefits) to its employees on a public works project, and then pays the shortfall in wages into a common fund out of which all of its employees are compensated, including those who are not prevailing wage workers. Due to the dilution of funds resulting from those funds [*3]also being paid to the nonprevailing wage workers, the employees who worked on the public works contracts would not receive the full wages they would be entitled to for their work on the public works project. Under that scenario, the contractor would clearly have failed to comply with Labor Law § 220 (3) (a), notwithstanding that the contractor paid the same amount in wages to a fund as it would have paid if the prevailing wage workers had been paid directly according to scale. We do not perceive any justification in law or logic for treating supplemental benefits differently from wages. In other words, regardless of whether the employer pays the prevailing wage workers directly in cash for any shortage in supplemental benefits or indirectly through an ERISA-approved plan, each individual prevailing wage worker must ultimately receive supplemental benefits equal to the value of prevailing supplemental benefits as determined by the Department of Labor.
Inasmuch as defendant failed to meet its initial burden of establishing as a matter of law that its method of paying the acknowledged shortfall of supplemental benefits into the pooled Trust resulted in plaintiffs each receiving full prevailing supplemental benefits, we conclude that the court erred in, upon reargument, granting defendant's motion for summary judgment insofar as it sought dismissal of the breach of contract cause of action. The failure of defendant to meet its initial burden requires denial of the motion to that extent regardless of the sufficiency of plaintiffs' opposing papers (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order accordingly.
To the extent that plaintiffs on appeal request judgment on their breach of contract cause of action, that request is not properly before us on their appeal from the court's order granting defendant leave to reargue and, upon reargument, granting summary judgment dismissing that cause of action.
Entered: August 4, 2022
Ann Dillon Flynn
Clerk of the Court