## 235 W. 107th St., LLC v Martinez

2025 NY Slip Op 32322(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 150984/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. ARLENE P. BLUTH**     **PART**     **14**

*Justice*

----------------------------------------------------------------------------X

235 WEST 107TH STREET, LLC,235 WEST 107TH
STREET HOUSING DEVELOPMENT FUND
CORPORATION,

                        Plaintiffs,

                  - v -

ANGELIC MARTINEZ,

                       Defendant.

----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150984/2023 |
| **MOTION DATE** | 06/25/2025 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 205, 206, 207, 208, 209, 210, 211, 212, 213, 214

were read on this motion to/for                          JUDGMENT - SUMMARY         .

Plaintiffs' motion for summary judgment to dismiss defendant's counterclaims is granted.

**Background**

Plaintiffs commenced this action in order to temporarily relocate defendant while they renovated their building in which defendant lives as part of an effort to convert it to affordable and supportive housing. Initially, only about 8 tenants remained in the building and defendant was the only holdout. This Court previously ordered defendant to temporarily relocate to two renovated units in September 2024 to allow the renovation to move forward (NYSCEF Doc. No. 189). The Court observed that a provision of the Rent Stabilization Code permitted an owner to seek the temporary relocation of a tenant under certain circumstances, all of which were present in this action (*id.*).

Plaintiffs now move for summary judgment dismissing defendants' counterclaims for harassment and declaratory relief that plaintiffs have no right to relocate her. They observe that

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  005**

**Page 1 of 5**

the first counterclaim is moot as this Court previously ordered defendant to temporarily relocate. Plaintiffs emphasize that defendant moved to two temporary units that were about double the size of her prior unit. They insist that any claims about a possible reduction in building services is speculative and that defendant has her remedies before DHCR should such a situation arise. Similarly, plaintiffs insist that the second counterclaim is also moot in light of the Court's previous decision.

In opposition, defendant argues that plaintiffs have unclean hands which support her harassment claim. She insists that plaintiffs entered into a regulatory agreement with HPD without first obtaining several governmental approvals required prior to the execution of such an agreement. Defendant emphasizes that there has been a sustained reduction in services that stretches well beyond the commencement of this action. She observes that she made many requests for housekeeping services, buyout offers from plaintiffs and misleading claims made to DHCR.

Defendant disputes the fact that the units provided for her temporary relocation are double the size of her prior unit. She contends that her unit was 221 square feet while the two units, combined, total 267 square feet. Defendant claims that she "did not have an issue with relocation on its face" and that she "was simply trying to get the plaintiffs to address the reduction and elimination of tenant services that would arise from the reconfiguration of the Building" (NYSCEF Doc. No. 209 at 3).

In reply, plaintiffs argue that defendant did not point to any evidence showing that plaintiffs' request that she temporarily relocate constitutes harassment. They emphasize that defendant did, in fact, temporarily relocate, which moots these counterclaims.

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  005**

**Page 2 of 5**

[* 2]

2 of 5

**Discussion**

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 508 NYS2d 923 [1986]).

The Administrative Code defines harassment, in part, as "any act or omission by or on behalf of an owner that (i) causes or is intended to cause any person lawfully entitled to occupancy of a dwelling unit to vacate such dwelling unit or to surrender or waive any rights in relation to such occupancy" (Administrative Code of City of NY § 27-2004[48]). Section ii contains a long list of examples.

In her answer, defendant insists that plaintiffs engaged in harassment in five ways (NYSCEF Doc. No. 48 at 4). The Court will address each contention. First, defendant claims that plaintiffs tried to relocate her to a unit with less usable living space. This claim is without merit as defendant admitted in her opposition that the total space of the two units (for her temporary location) was larger than her original unit. Second, defendant argues that plaintiffs provided false information of the status of the building to the DOB in order to obtain a work permit. Even if this were true, defendant did not sufficiently explain how this constitutes tenant harassment. At no point during this litigation did plaintiffs try to use the work permit to terminate defendant's tenancy. Instead, plaintiffs simply wanted defendant to temporarily relocate so they could

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  005**

**Page 3 of 5**

3 of 5

[* 3]

building supportive housing units. In any event, defendant did not adequately substantiate her claims that plaintiffs provided false information to DOB to get a work permit.

Third, defendant claims that she was provided with misleading information about the future of her rent stabilized status. Defendant failed to support this claim or point to any evidence that plaintiffs attempted to get her to relinquish her rent-stabilized tenancy. Fourth, defendant complains that plaintiff made many unsolicited demands that plaintiff relocate. As this Court observed in connection with the last motion, the Rent Stabilization Code specifically permits an owner to seek the relocation of a tenant in certain situations.

And, finally, defendant argues that there has been a reduction in essential services. Unfortunately, defendant did not point to any evidence showing a reduction in services in her opposition. For instance, although she mentions a reduction in housekeeping services, she did not expound upon what that means or how that reduction constitutes harassment. It is axiomatic that not every reduction in services justifies a claim for tenant harassment.

**Summary**

The Court recognizes that defendant is deeply unhappy with the fact that she was forced to temporarily relocate while plaintiffs renovated a building in order to construct dozens of supportive housing units. However, that unhappiness is not a basis for a finding that plaintiffs engaged in tenant harassment as, after all, plaintiffs' goal was to build and renovate supportive housing not to get defendant to relinquish her rent-stabilized tenancy. On this record, there is no indication that plaintiffs made any attempt to improperly kick defendant out of the building.

Defendant's counterclaims, both of which are based on tenant harassment, are without merit. To the extent they were based on the temporary relocation issue, her arguments are moot as she has temporarily moved out to larger quarters. And, to the extent they are about other

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  005**

**Page 4 of 5**

4 of 5

[* 4]

issues, defendant did not raise a material issue of fact in opposition. A claim based on tenant harassment requires a showing that the owner is, essentially, trying to get the tenant to permanently vacate the unit or waive her rights in relation to the unit. This Court concludes that plaintiffs did not do that as a matter of law.

The Court observes that defendant's arguments about a reduction in services is, at this stage, hypothetical and therefore not a basis to continue this matter. If, after the renovation is completed and defendant claims that there has been a reduction in services, she may pursue those claims before the applicable regulatory agency (DHCR). Her counterclaims in this action relate to harassment and not solely to a reduction in services; premature claims of a reduction in services are not a basis to deny plaintiffs' motion.

As this Court believes that all claims for relief have now been resolved, the Court will mark this case as disposed.

Accordingly, it is hereby

ORDERED that plaintiffs' motion for summary judgment dismissing defendant's counterclaims is granted and these counterclaims are severed and dismissed.

| 7/1/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**150984/2023   235 WEST 107TH STREET, LLC ET AL vs. MARTINEZ, ANGELIC**
**Motion No.  005**

**Page 5 of 5**

5 of 5