■ HELEN ESPOSITO, Respondent, v NCR CORPORATION, Appellant. [646 NYS2d 293] —In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Kings County (Ramirez, J.), dated June 7, 1995, which denied its motion for summary judgment dismissing the complaint, and (2), as limited by its brief, from so much of an order of the same court, dated September 27, 1995, as, upon resettling the June 7, 1995, order by designating the papers upon which it was made, denied the defendant's motion for summary judgment dismissing the complaint.

Ordered that the appeal from the order dated June 7, 1995, is dismissed, as that order was superseded by the order dated September 27, 1995; and it is further,

Ordered that the order dated September 27, 1995, is reversed insofar as appealed from, on the law, the order dated June 7, 1995 is vacated, defendant's motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries she suffered when she tripped over the electrical cord to an encoding machine which had been serviced by NCR Corporation (hereinafter NCR) pursuant to a maintenance agreement with the plaintiff's employer, Marine

Midland Bank. In support of its summary judgment motion, NCR tendered sufficient evidence to establish its entitlement to judgment as a matter of law. Such evidence clearly established that the plaintiff's injuries were not proximately caused by any breach of duty by NCR to service the subject encoding machine. Because the plaintiff failed to submit evidence sufficient to create a triable issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320), the motion by NCR for summary judgment should have been granted. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.