(June 6, 2000)

■ ATHENA TRUIANO, Respondent, v LIBERTY LINES TRANSIT, INC., et al., Defendants, BRUNET LUCAS et al., Respondents, and HUDSON VIEW GARAGE CORP., Appellant. [708 NYS2d 399] —Order, Supreme Court, Bronx County (George Friedman, J.), entered June 11, 1999, denying the motion of defendant Hud-

son View for summary judgment dismissing the complaint and codefendants' cross-claims against it, unanimously reversed, on the law, without costs, the motion granted and the complaint and cross-claims dismissed as against it. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint and cross-claims as against it.

Plaintiff, a bus passenger, allegedly was injured in an accident involving the bus and a taxi owned by co-defendant Star Taxi Place. Defendant Hudson View is a garage owned by a larger garage company where several taxis owned by Star Taxi are parked. There is no evidence that Hudson View has any ownership interest in or operational control over the taxi that was involved in the accident, beyond the bare allegations of the complaint. Rather, deposition evidence indicates only that Hudson View served as a parking facility. As such, whether or not that defendant's employee had knowledge of the ownership, maintenance or control of the taxi involved in the accident is irrelevant. Codefendants link the garage's liability to a theory that the garage might have negligently released the taxi, and that, if the vehicle had not been negligently released, the accident would not have occurred. Not only is this contention speculative, but from a liability standpoint, insofar as Hudson View is concerned, it is also immaterial. Since no facts are shown sufficient to warrant a trial on any theory of liability, summary judgment must be granted (*Alvarez v Prospect Hosp.*, 68 NY2d 320; CPLR 3212 [b]). Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.