■ DMITRIY KELMAN, Appellant, v NEW YORK EYE AND EAR INFIRMARY et al., Respondents. [751 NYS2d 422] —In an action to recover damages for medical malpractice, the plaintiff appeals (1) from a judgment of the Supreme Court, Kings County (Patterson, J.), entered April 30, 2001, which, upon an order of the same court, dated March 16, 2001, granting the motion of the defendant New York Eye and Ear Infirmary and the separate motion of the defendant R. Della Rocca for summary judgment, is in favor of the defendants and against him, dismissing the complaint, and (2), as limited by his brief, from so much of an order of the same court, dated August 16, 2001, as denied that branch of his motion which was for leave to renew the defendants' respective motions for summary judgment. The plaintiff's notice of appeal from the order dated March 16, 2001, is deemed a premature notice of appeal from the judgment entered April 30, 2001 (see CPLR 5520 [c]).

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The defendants, in support of their motions for summary judgment, each made a prima facie showing of entitlement to judgment as a matter of law, thereby shifting the burden to submit evidentiary facts sufficient to demonstrate the existence of a triable issue of fact to the plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The conclusory and speculative affidavit of the plaintiff's expert failed to defeat the defendants' prima facie showings (see Romano v Stanley, 90 NY2d 444, 451-452).

The Supreme Court properly denied the plaintiff's motion for leave to renew the defendants' respective motions for summary judgment, since the plaintiff did not proffer a reasonable justification for the failure to present the new facts in opposition to the original motions (see CPLR 2221 [e] [3]). Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.