■ SERAFINA SICILIANO, Respondent, v MIDDLETOWN PARK MANOR HEALTH FACILITY, LLC, et al., Appellants. [830 NYS2d 777]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Orange County (McGuirk, J.), dated December 21, 2005, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In the course of her employment as a phlebotomist, the plaintiff was required to draw blood from an elderly patient at the defendants' facility. According to the plaintiff, the patient was lying on a mattress which was placed on the floor of her room, and in an attempt to reach the patient, the plaintiff knelt

on the mattress. In doing so, her right knee allegedly made contact with a disassembled metal bed frame on the floor which had been concealed by a bed sheet, resulting in the personal injuries claimed by the plaintiff. After the plaintiff commenced the present action, the defendants moved for summary judgment on the ground that no evidence had been adduced that a metal bed frame had been disassembled at the facility.

"[T]he proponent of a [motion for summary judgment] must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The evidence which the defendants submitted in support of their motion, in fact, raised an issue of fact as to whether they created the alleged hazardous condition. Accordingly, the defendants failed to meet their burden.

The defendants' remaining contentions are without merit. Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.