Weston Patterson, J.
(dissenting and voting to affirm the order in the following memorandum). I disagree with the majority opinion and would vote to affirm the order on the ground that plaintiff failed to establish its entitlement to judgment as a *35 matter of law. In support of its motion, plaintiff attaches a vague, nonspecific affidavit of its corporate officer Charles DeMarco. Nothing in the affidavit identifies what services were rendered, when they were rendered, the amount owed, and the dates the claims were mailed. Instead, the affidavit alleges that the “attached are my corporate business records for billing and are true copies of the no-fault claim.” In the absence of any foundation for the admission of these records, I cannot agree that plaintiff sustained its burden of establishing a prima facie case (see Mega Supply & Billing, Inc. v Progressive Cas. Ins. Co., 14 Misc 3d 130[A], 2007 NY Slip Op 50023[U] [App Term, 2d & 11th Jud Dists 2007]).
The fact that defendant raised no issue below or on appeal with respect to plaintiffs prima facie showing is irrelevant. A movant’s failure to establish a prima facie case mandates denial of a summary judgment motion without regard for the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Having failed to sustain its burden of making a prima facie showing, plaintiff is not entitled to judgment as a matter of law.
Accordingly, I would vote to affirm the order below.
Pesce, P.J., and Belen, J., concur; Weston Patterson, J., dissents in a separate memorandum.