In an action for a judgment declaring that the defendants Curtis C. Beusman, Robert L. Scopelliti, Henry Davison, Jr., John G. Thorn, David E Gutman, Herbert Daly, and Edward Lubic may not sell the sole asset of the defendant Kisco Radio Circle Associates, LLC, without the unanimous consent of all of its members, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered November 27, 2007, as granted the defendants’ motion for summary judgment, and (2) so much of a judgment of the same court dated December 17, 2007, as, upon the order, declared that the managing members of the defendant Kisco Radio Circle Associates, LLC, authorized by the consent of its members holding a majority of the interest therein, may sell its sole asset.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The appeal from the intermediate order must be dismissed *736 because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff owns either 49.74% or 49.89% (the parties differ as to the precise figure) of the defendant Kisco Radio Circle Associates, LLC (hereinafter Kisco Radio). The plaintiff objects to the proposed sale of Kisco Radio’s sole asset. The defendants Curtis C. Beusman, Robert L. Scopelliti, Henry Davison, Jr., John G. Thorn, David E Gutman, Herbert Daly, and Edward Lubic, who collectively hold the remaining interest in Kisco Radio, approved the sale.
The defendants made a prima facie showing of entitlement to judgment as a matter of law. Under Kisco Radio’s operating agreement, its management is vested in its managing members; only they may bind the company. However, the defendants demonstrated that the operating agreement of Kisco Radio is silent on the issue of the sale of the company’s sole asset. Therefore, the default provisions of the Limited Liability Company Law apply (see Overhoff v Scarp, Inc., 12 Misc 3d 350, 359 [2005]; Matter of Spires v Lighthouse Solutions, LLC, 4 Misc 3d 428, 435 [2004]; Rich, Practice Commentaries [1] [A], McKinney’s Cons Laws of NY, Book 32/32A, Limited Liability Companies Law, at 176). In relevant part, Limited Liability Company Law § 402 (d) (2) provides that the vote of at least the majority in interest of the members entitled to vote is required to approve the sale of all the assets of a limited liability company. That requirement was met here.
In opposition to the defendants’ prima facie showing, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment, and properly declared that the managing members of Kisco Radio, authorized by the consent of its members holding a majority of the interest therein, may sell its sole asset. Ritter, J.E, Florio, Miller and Garni, JJ., concur.