[913 NE2d 937, 885 NYS2d 245]

RACHAEL J. BUTLER, an Infant, by Her Parent and Guardian, MARY J. BUTLER, et al., Appellants, v CITY OF GLOVERSVILLE et al., Defendants, and GLOVERSVILLE ENLARGED SCHOOL DISTRICT et al., Respondents.

Argued June 4, 2009; decided June 30, 2009

APPEARANCES OF COUNSEL

*Zwiebel and Fairbanks, P.C.*, Kingston (*Alan S. Zwiebel* of counsel), for appellants.

*Mills Law Firm, LLP*, Clifton Park (*Christopher K. Mills* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the complaint reinstated against all defendants.

Plaintiff, a young girl, fractured her clavicle and femur after falling off a playground slide on property owned and maintained by defendants. It is undisputed that at other playgrounds operated by defendants, protective ground cover, such as pea stone, had been installed around playground equipment to lessen injuries, as recommended in the U.S. Consumer Product Safety Commission's (CPSC) Handbook for Public Playground Safety and the American Society for Testing and Materials' (ASTM) Standard Consumer Safety Performance Specification for Playground Equipment for Public Use. Plaintiff brought this personal injury action alleging that the proximate cause of her injuries was defendants' failure to use a recommended ground cover consistent with the guidelines.

Defendants City of Gloversville and Enlarged School District of Gloversville moved for summary judgment and dismissal of plaintiff's complaint. Supreme Court denied the motion, concluding that the affidavit submitted by plaintiff's expert raised an issue of fact requiring a trial. The Appellate Division reversed and granted summary judgment to all defendants, searching the record as to those defendants who had not moved. Although the Court held that there was an issue of fact regarding defendants' duty to install ground cover, it concluded that defendants' expert established that the lack of an adequate ground cover was not the proximate cause of plaintiff's injuries. Two Justices dissented, finding that the conflicting expert opinions presented questions of fact that precluded summary judgment.

In our view, defendants failed to meet their initial burden of making a "prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Defendants' expert calculated that plaintiff generated 480 foot-pounds of energy when she landed on the ground. Relying on prior research tests in which he used rubber mats, defendants' expert stated that protective surfaces were not sufficiently energy-absorbent to have prevented plaintiff's fractures. Despite the fact that the CPSC and ASTM guidelines were based on the use of various ground covers in addition to rubber mats, the expert opined that plaintiff would have been injured even if the other types of recommended ground covers had been installed. He did not, however, provide a scientific or mathematical foundation to substantiate this assertion, nor did he address the shock-absorbing capacity of pea stone, the ground cover used by defendants at their other playgrounds. Summary judgment was therefore not warranted since defendants failed to sufficiently demonstrate that their alleged negligence was not a proximate cause of plaintiff's injuries (*see generally Romano v Stanley*, 90 NY2d 444, 451-452 [1997]).

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.