■ DIANA BLUMBERG, Appellant, v LANDMARK COLONY AT OYSTER BAY HOMEOWNER'S ASSOCIATION, INC., et al., Respondents. [890 NYS2d 329]—

The defendants demonstrated their entitlement to judgment as a matter of law by establishing that the plaintiff's causes of action regarding the defendants' alleged failure to maintain her condominium unit in accordance with the bylaws of the condominium association are barred by the doctrine of collateral estoppel, as the plaintiff's claims based on the same alleged failure were dismissed in a prior action (*see Buechel v Bain,* 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]), and that the plaintiff's remaining cause of action has been rendered academic. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.