■ AMARJEET GUJRAL, Appellant, v WAL-MART STORES, INC., Respondent. [892 NYS2d 532]—

The plaintiff sustained personal injuries when an unsecured, six-foot tall, aluminum ladder in the houseware section of the defendant's store fell on her. After joinder of issue, the defendant moved for summary judgment dismissing the complaint, on the ground that it did not create or have actual or constructive notice of the defective condition (*see Starling v Suffolk County Water Auth.*, 63 AD3d 822 [2009]). In support of its motion, the defendant submitted, inter alia, the deposition testimony of store employee Carlos Manrique, the first employee to provide assistance to the plaintiff following the accident. Manrique testified that the store's ladders were to be used only by store employees and that, when not being used, the ladders were supposed to be secured by storing them on a hook. The defendant failed to eliminate all material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether the ladder had been left in an unsecured manner by one of the store's employees. Under these circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Hall and Sgroi, JJ., concur.