■ SANFORD A. POMERANTZ, Appellant, v MEYER, SUOZZI, ENGLISH & KLEIN, P.C., et al., Respondents. [17 NYS3d 882]—In an action to enforce an attorney's charging lien, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered July 12, 2013, as granted the separate cross motions of the defendant Meyer, Suozzi, English & Klein, P.C., the defendant Herman, Katz, Cangemi & Clyne, LLP, and the defendants City of Glen Cove and Glen Cove City Schools for summary judgment dismissing the complaint insofar as asserted against each of them, and, upon searching the record, awarded summary judgment to the defendant GCP, LLC, dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

In support of their separate cross motions for summary judgment, the defendants Meyer, Suozzi, English & Klein, P.C., Herman, Katz, Cangemi & Clyne, LLP, City of Glen Cove, and Glen Cove City Schools adduced evidence that the plaintiff does not have a valid enforceable charging lien on the judgment filed in an underlying action entitled *Spectrum Org., LLC v Board of Assessor of City of Glen Cove*, under index No. 404555/06 (*see* Judiciary Law § 475; *Banque Indosuez v Sopwith Holdings Corp.*, 98 NY2d 34, 44 [2002]; *LMWT Realty Corp. v Davis Agency*, 85 NY2d 462 [1995]; *Robinson v Rogers*, 237 NY 467, 473 [1924]). In opposition to the defendants' prima facie showings of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly granted the separate cross motions of the defendant Meyer, Suozzi, English & Klein, P.C., the defendant Herman, Katz, Cangemi & Clyne, LLP, and the defendants City of Glen Cove and Glen Cove City Schools for summary judgment dismissing the complaint insofar as asserted against each of them, and, upon searching the record, awarded summary judgment to GCP, LLC, dismissing the complaint insofar as asserted against it. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.