■ CHEVELLE JENKINS BOWLES, as Administratrix of the Estate of ALEASE JENKINS, Deceased, et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [20 NYS3d 74]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered April 30, 2014, which granted defendant New York City Housing Authority's (NYCHA) CPLR 3212 motion for summary judgment dismissing of the complaint, and denied plaintiffs' cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

This action for wrongful death and conscious pain and suffering arises from a fire that occurred in an apartment occupied by plaintiff's decedent, Alease Jenkins, on August 7, 2011. NYCHA owned and maintained the decedent's apartment. Plaintiff Chevelle Jenkins Bowles is the decedent's daughter and the personal representative of her mother's estate.

NYCHA has demonstrated its prima facie entitlement to summary judgment dismissal of the complaint and plaintiffs failed to show the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). It is undisputed that NYCHA installed a working smoke detector in the apart-

ment when the decedent's tenancy commenced and that it was her responsibility to maintain and repair the device (Administrative Code of City of NY § 27-2045 [b]; *Rocco v Prism Mgt. Co.*, 10 AD3d 585, 586 [1st Dept 2004]). Even if this Court were to assume that maintenance worker Richard Rodriguez went to the apartment on May 16, 2011, in response to the decedent's and/or nonparty witness Eugene Wright's oral complaints that the smoke detector was not working, the record shows that maintenance worker William Gourdine inspected the device the next day (i.e., on May 17, 2011) and determined that Rodriguez's notation that it was missing or broken was unfounded.

Once NYCHA met its initial burden, the burden shifted to plaintiffs to raise a triable issue of fact as to whether the smoke detector was not working after Gourdine's May 17, 2011 inspection of the device and that NYCHA had actual or constructive notice that it was not operable, which they failed to do (*see Verizon N.Y., Inc. v Garvin*, 13 NY3d 851, 852 [2009]; *and see Vanderlinde v 600 W. 183rd St. Realty Corp.*, 101 AD3d 583, 583 [1st Dept 2012]). Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.