Steinberg v Astoria Warehouse Realty, LLC (2018 NY Slip Op 00452)





Steinberg v Astoria Warehouse Realty, LLC


2018 NY Slip Op 00452


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2016-12294
 (Index No. 7657/14)

[*1]Lane Steinberg, appellant, 
v
Astoria Warehouse Realty, LLC, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel and Julie T. Mark of counsel), for appellant.
Clausen Miller, P.C., New York, NY (Kimbley A. Kearney and Tyler Jay Lory of counsel), for respondents Astoria Warehouse Realty, LLC, and Dromos Corp.
Law Office of Steven Cohn, P.C., Carle Place, NY (Mitchell R. Goldklang of counsel), for respondent A.L.A.C. Contracting Corporation.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 21, 2016, as granted that branch of the motion of the defendants Astoria Warehouse Realty, LLC, and Dromos Corp., and that branch of the cross motion of the defendant A.L.A.C. Contracting Corporation, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff alleged that on April 18, 2014, he was walking on the sidewalk abutting property known as 19-57 49th Street in Astoria, Queens, when he stepped on a two-inch nail protruding from a large section of plywood construction fencing lying on the sidewalk.
Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants Astoria Warehouse Realty, LLC (hereinafter Astoria Warehouse), Dromos Corp. (hereinafter Dromos), and A.L.A.C. Contracting Corporation (hereinafter A.L.A.C.). At the time of the accident, Astoria Warehouse and Dromos were the alleged owner and property manager, respectively, of the subject premises, while A.L.A.C. was a contractor on site pursuant to a written contact with Astoria Warehouse. Astoria Warehouse and Dromos moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, and A.L.A.C. cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court, inter alia, granted those branches of the motion and cross motion. The plaintiff appeals.
Astoria Warehouse and Dromos established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against them. Contrary to the plaintiff's contention, those defendants demonstrated, prima facie, that they lacked constructive notice of the condition alleged (see Berardi v Incorporated Vil. of Garden City, 115 AD3d 631). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the motion of Astoria Warehouse and Dromos which was for summary judgment dismissing the amended complaint insofar as asserted against them.
Contrary to the plaintiff's further contention, A.L.A.C. established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it by demonstrating that it did not create the condition alleged or have notice thereof (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). In opposition, the plaintiff failed to raise a triable issue of fact. The remaining contentions of A.L.A.C. either need not be addressed in light of our determination or are without merit. Accordingly, the Supreme Court properly granted that branch of the cross motion of A.L.A.C. which was for summary judgment dismissing the amended complaint insofar as asserted against it.
MASTRO, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court