One Flint St., LLC v ExxonMobil Corp. (2019 NY Slip Op 06304)





One Flint St., LLC v ExxonMobil Corp.


2019 NY Slip Op 06304


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


612 CA 18-01361

[*1]ONE FLINT ST., LLC AND DHD VENTURES NEW YORK, LLC, PLAINTIFFS-RESPONDENTS,
v
EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, DEFENDANTS-RESPONDENTS, GENESEE SCRAP & TIN BALING CO., INC., LOUIS ATKIN, 15 FLINT STREET, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






WOODS OVIATT GILMAN LLP, ROCHESTER (GRETA K. KOLCON OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
KNAUF SHAW LLP, ROCHESTER (ALAN J. KNAUF OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
MCCUSKER, ANSELMI, ROSEN & CARVELLI, P.C., NEW YORK CITY (LAURA A. SICLARI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered February 7, 2018. The order, insofar as appealed from, granted the motions of plaintiffs and defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation for partial summary judgment, determined that defendants Louis Atkin, 15 Flint Street, Inc., and Genesee Scrap & Tin Baling Co., Inc., are strictly liable as dischargers under the Navigation Law and denied the cross motion of said defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motions of plaintiffs and defendants Exxon Mobil Corporation and ExxonMobil Oil Corporation insofar as they sought a determination that defendant Genesee Scrap & Tin Baling Co., Inc. is strictly liable as a discharger under Navigation Law § 181 (1), and granting in part the cross motion of defendants Genesee Scrap & Tin Baling Co., Inc., Louis Atkin, and 15 Flint Street, Inc. and dismissing the second amended complaint and all cross claims against defendant Genesee Scrap & Tin Baling Co., Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action pursuant to Navigation Law article 12, seeking indemnification or contribution from defendants for the environmental response conducted by plaintiffs to remediate two parcels of property on Flint Street in the City of Rochester that were part of the former oil refinery operations of a predecessor of Exxon Mobil Corporation and ExxonMobil Oil Corporation (Exxon defendants). In 1992, defendant Louis Atkin inherited both parcels of property and defendant Genesee Scrap & Tin Baling Co., Inc. (Genesee Scrap), a scrap company that operated on Steel Street in Rochester. In 1993, Atkin transferred ownership and title of the property to a corporation that he owned, defendant 15 Flint Street, Inc. (15 Flint), and 15 Flint owned the property until 2007. Defendant Marvin Shelton, doing business as Flint Auto Wreckers (Shelton), occupied and leased the property for 40 years beginning in the mid-1960s. Shelton dismantled cars on the property, resold parts, and sold the scrap metal to Genesee Scrap. Atkin, Genesee Scrap and 15 Flint (collectively, Atkin defendants) appeal from an order that, insofar as appealed from, granted the motions of plaintiffs and the Exxon defendants for partial summary judgment seeking a determination that the Atkin [*2]defendants are strictly liable under Navigation Law
§ 181 (1) for the discharge of petroleum products on the property, and denied the Atkin defendants' cross motion for summary judgment dismissing the second amended complaint and all cross claims against them.
In a prior appeal, we determined, inter alia, that the Exxon defendants are contributing "dischargers" pursuant to Navigation Law § 172 (8) and thus are strictly liable under Navigation Law § 181 (1) for the cleanup and removal costs associated with the discharge of petroleum products at the property, "despite the fact that the parcels subsequently were the sites for various commercial operations that also may have contributed to the contamination of the properties, including a scrap yard" (One Flint St., LLC v Exxon Mobil Corp., 112 AD3d 1353, 1354 [4th Dept 2013], lv dismissed 23 NY3d 998 [2014]).
We agree with the Atkin defendants that Supreme Court erred in granting the motions of plaintiffs and the Exxon defendants insofar as they sought a determination that Genesee Scrap is strictly liable as a discharger, and we therefore modify the order accordingly. Plaintiffs and the Exxon defendants failed to meet their initial burden on their motions of establishing that Genesee Scrap owned or controlled the property, and thus failed to establish that it was liable for any petroleum products discharged on the property (see generally State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723-724 [2004], rearg denied 4 NY3d 740 [2004]; State of New York v Green, 96 NY2d 403, 405 [2001]). Genesee Scrap's acceptance of scrap metal at a discounted rate from Shelton did not make Genesee Scrap a landowner or give Genesee Scrap the authority to control the property or the activities conducted thereon (cf. Green, 96 NY2d at 407).
We also agree with the Atkin defendants that they met their burden on their cross motion by establishing that Genesee Scrap did not own the property or control the property (cf. Speonk Fuel, Inc., 3 NY3d at 724; see generally Green, 96 NY2d at 405). Although a defendant need not hold legal title of land at the time of discharge of petroleum in order for Navigation Law liability to attach (see Speonk Fuel, Inc., 3 NY3d at 722, 724), the evidence submitted by the Atkin defendants established that Genesee Scrap, unlike Atkin and 15 Flint, had no authority to control the activities at the property. Thus, the Atkin defendants met their prima facie burden on their cross motion of establishing that Genesee Scrap is not a discharger for the purposes of the Navigation Law (see § 181 [1]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Inasmuch as plaintiffs and the Exxon defendants failed to raise a question of fact in opposition (see generally Alvarez, 68 NY2d at 324), we conclude that the court erred in denying that part of the Atkin defendants' cross motion seeking the dismissal of the second amended complaint and all cross claims against Genesee Scrap, and we therefore further modify the order accordingly.
We reject the contention of the Atkin defendants that the court erred in granting the motions of plaintiffs and the Exxon defendants with respect to Atkin's liability as discharger, and in denying the cross motion insofar as it sought summary judgment dismissing the second amended complaint and cross claims against Atkin. Plaintiffs and the Exxon defendants met their initial burden on their motions with respect to Atkin by submitting evidence that Atkin personally owned the property from January 1992 until at least January 1993, when he transferred the title to 15 Flint, that petroleum discharge occurred during that year of Atkin's ownership, and that Atkin was aware of and was able to control Shelton's conduct on the property during that time period (see Green, 96 NY2d at 405). Inasmuch as the environmental reports and expert affidavits submitted by the Atkin defendants in opposition to the motions failed to exclude as a cause or contributor to the contamination of the property Shelton's operations of dismantling vehicles on the property, of which Atkin was aware and over which he had control during his ownership of the property from January 1992 until at least January 1993 (see id. at 407), we further conclude that the Atkin defendants failed to raise a triable issue of fact (see generally Alvarez, 68 NY2d at 324). Thus, the court properly granted the motions of plaintiffs and the Exxon defendants insofar as they sought a determination that Atkin is strictly liable as a discharger. For the same reasons, we conclude that the court properly denied the Atkin defendants' cross motion insofar as they sought to dismiss the second amended complaint and all cross claims against Atkin.
Contrary to the Atkin defendants' further contention, plaintiffs and the Exxon defendants established their entitlement to partial summary judgment determining that 15 Flint is strictly [*3]liable as a discharger, and the Atkin defendants failed to raise a triable issue of fact. Plaintiffs and the Exxon defendants established that 15 Flint owned the property from 1993 to 2007 and, during 15 Flint's ownership of the property, Shelton occupied and operated his business on the property, and continued to discharge petroleum. Although 15 Flint had the knowledge and the authority to do so, it did not address the petroleum discharge by Shelton (see Speonk Fuel, Inc., 3 NY3d at 724; Green, 96 NY2d at 405). To the extent that the Atkin defendants allege that Shelton discharged only de minimis amounts of oil, we note that there is no such defense to liability under Navigation Law § 181 (1) (see Guidice v Patterson Oil, 51 Misc 3d 313, 315-320 [Sup Ct, NY County 2016]).
The Atkin defendants contend that the summary judgment motions of plaintiffs and the Exxon defendants should be denied as premature pursuant to CPLR 3212 (f) because further discovery is necessary. We reject that contention. The Atkin defendants failed to establish "that the discovery sought would produce evidence sufficient to defeat the motion[s] . . . , and that facts essential to oppose the motion[s] were in [the movants'] exclusive knowledge and possession and could be obtained by discovery" (Resetarits Constr. Corp. v Elizabeth Pierce Olmsted, M.D. Center for the Visually Impaired [appeal No. 2], 118 AD3d 1454, 1456 [4th Dept 2014] [internal quotation marks omitted]; see Feldmeier v Feldmeier Equip., Inc., 164 AD3d 1093, 1097 [4th Dept 2018]).
We have considered the Atkin defendants' remaining contentions and conclude that they lack merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court