336 14th St., LLC v Goffio-Mahabir (2022 NY Slip Op 51237(U))

[*1]

336 14th St., LLC v Goffio-Mahabir

2022 NY Slip Op 51237(U) [77 Misc 3d 132(A)]

Decided on November 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2021-469 K C

336 14th Street, LLC,
Appellant-Respondent,
against
Amy Goffio-Mahabir, Respondent-Appellant, and "John Doe"
and "Jane Doe," Respondents. 

SDK Heiberger, LLP (Jacqueline Handel-Harbour and Steven B. Sperber of counsel), for
appellant-respondent.
Levi Huebner & Associates, P.C. (Levi Huebner of counsel), for
respondent-appellant.

Appeal and cross appeal from an order of the Civil Court of the City of New York,
Kings County (David A. Harris, J.), entered June 24, 2021. The order, insofar as
appealed from by landlord, denied the branch of landlord's motion seeking summary
judgment in a summary proceeding brought pursuant to RPAPL 713 (7). The order,
insofar as cross-appealed from by occupant and as limited by the brief, denied the branch
of occupant's cross motion seeking summary judgment dismissing the petition.

ORDERED that the order, insofar as appealed and cross-appealed from, is affirmed,
without costs.
In this licensee proceeding (RPAPL 713 [7]) to recover possession of a
rent-controlled apartment, occupant defends on the ground that she is entitled to succeed
to the tenancy of her grandmother, the deceased tenant of record. Though occupant
admits that she was absent from the subject apartment for certain periods in the two years
preceding her grandmother's death, she claims that her absences were a temporary
relocation, first, in order to obtain treatment for health issues at a facility and, following
her release from the facility, to continue her recovery. Landlord appeals from so much of
an order of the Civil Court entered July 6, 2021 as denied the branch of landlord's motion
seeking summary judgment. Occupant cross-appeals, as limited by her brief, [*2]from so much of the order as denied the branch of her cross
motion seeking summary judgment dismissing the petition.
Summary judgment is a drastic remedy, and should not be granted when there is any
doubt as to the existence of a triable issue of fact (see Alvarez v Prospect Hosp.,
68 NY2d 320, 324 [1986]). Because there is a triable issue of fact regarding the
reasonableness of occupant's explanation for her absences from the subject apartment
during the two-year period preceding her grandmother's death, the Civil Court correctly
declined to grant summary judgment to either party (see New York City Rent and
Eviction Regulations [9 NYCRR] § 2204.6 [d] [1]; 92 E. LLC v Lee, 65 Misc 3d
137[A], 2019 NY Slip Op 51678[U] [App Term, 1st Dept 2019]).
Accordingly, the order, insofar as appealed and cross-appealed from, is
affirmed.
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2022