Verrier v Robledo (2022 NY Slip Op 07528)

Verrier v Robledo

2022 NY Slip Op 07528

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 20149/16 Appeal No. 16981 Case No. 2021-04433 

[*1]Susan Verrier, as Administrator of the Estate of Jon Verrier, Plaintiff-Respondent,
v
Joel B Robledo, R.N., et al., Defendants-Appellants.

Garbarini & Scher, P.C., New York (William D. Buckley of counsel), for appellants.
Rosenbaum & Rosenbaum, P.C., New York (Matthew T. Gammons of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph E. Capella, J.) entered November 8, 2021, which denied defendants' motion for summary judgment dismissing the complaint alleging medical malpractice and wrongful death, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The court should have granted defendants summary judgment dismissing the complaint. Defendants met their prima facie burden by submitting the affidavit of their medical expert, who opined that defendants did not deviate from good and accepted practice in failing to diagnose plaintiff's decedent with heroin intoxication or to monitor him in the waiting room, where he passed away, in view of the fact that he presented to the emergency room with only a rash on his arm and otherwise normal vital signs (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Coronel v New York City Health & Hosps. Corp., 47 AD3d 456, 456 [1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact. The affidavit of plaintiff's medical expert did not point to any specific deviation from accepted practice by the individual defendants (see Matos v New York City Health & Hosps. Corp., 181 AD2d 505, 505 [1st Dept 1992]) and, as to defendant hospital, contained only conclusory assertions that its staff departed from good and accepted practice by failing to promptly diagnose and treat the decedent for heroin overdose. Plaintiff's expert offered no authority for his conclusory opinion that the hospital had an obligation to ensure that emergency room patients did not sleep in the waiting room (see Alvarez, 68 NY2d at 325; Ramirez v Columbia-Presbyterian Med. Ctr., 16 AD3d 238, 239 [1st Dept 2005]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022