**Feiger v Ray Enters., LLC**

2024 NY Slip Op 31126(U)

April 2, 2024

Supreme Court, New York County

Docket Number: Index No. 651384/2013

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LORI S. SATTLER**                    PART          **02M**

*Justice*

-------------------------------------------------------------------------X

SAUL FEIGER, AS ATTORNEY,

Plaintiff,

- v -

RAY ENTERPRISES, LLC, RJ GROUP, LLC,

Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651384/2013 |
| MOTION DATE | 06/30/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 310, 311, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365

were read on this motion to/for             SUMMARY JUDGMENT(AFTER JOINDER             .

Plaintiff Saul Feiger ("Plaintiff") commenced this interpleader action pursuant to CPLR § 1006 in his capacity as escrowee for the Defendants Ray Enterprises, LLC ("Ray") and RJ Group, LLC ("RJ") (collectively "Defendants") seeking a distribution of funds he has held in escrow for Defendants since 2008. Thereafter, RJ asserted crossclaims against Ray. In 2019, Ray moved for summary judgment seeking to dismiss those crossclaims and for distribution of the escrow funds. On May 12, 2020, the Court (Kennedy, J.) granted that motion ("2020 Order"). The Appellate Division, First Department reversed, holding that the crossclaims should be reinstated, and that the distribution of escrow funds was premature until the crossclaims were adjudicated. Discovery was then held, and a Note of Issue has been filed. Ray now moves again for dismissal of the crossclaims and distribution of the funds in accordance with the Court's 2020 Decision. RJ opposes the motion.

**651384/2013   FEIGER, SAUL vs. RAY ENTERPRISES, LLC**
**Motion No.  004**

Page 1 of 7

[* 1]

The dispute concerns several properties in Rochester, New York that were jointly owned through various entities by Vladimir Shneyder ("Shneyder") and Richard Ferguson ("Ferguson"). Shneyder is the sole member of Ray and Ferguson is the sole member of RJ. The funds in escrow are proceeds from the sale of two properties, referred to as the Chestnut Street and Euclid Street properties. Shneyder and Ferguson each had a 50% interest in those properties prior to their sale. Nevertheless, Defendants were unable to agree on the distribution of the sale proceeds, and after five years, Plaintiff commenced the instant action.

RJ then asserted seven crossclaims against Ray (NYSCEF Doc. No. 216, RJ's Reply with Crossclaims), six of which relate to an unrelated third property, the Water Street property. That property had been owned by an entity called Maximus Hill, LLC ("Max Hill"), in which Shneyder and Ferguson each own a 50% interest. RJ alleges that Shneyder violated numerous provisions of Max Hill's Operating Agreement (NYSCEF Doc. No. 220, "Operating Agreement") and asserts crossclaims for breach of fiduciary duty, fraudulent transfer of assets, misappropriation, an accounting, constructive trust, and conversion. Specifically, RJ claims that Ray, *inter alia*, unilaterally made a cash distribution to himself, refused to make a capital contribution when required, failed to participate in Max Hill's business and affairs, and improperly solicited business from and gave confidential information to a prospective lender (RJ's Reply with Crossclaims, 3-7). RJ also asserts a seventh claim for an accounting relating to the Chestnut Street property.

Ray moved for summary judgment in 2019. That motion sought dismissal of RJ's first through sixth crossclaims, for an equal distribution of the escrow funds, and for a set-off to account for a partially satisfied money judgment against Ferguson held by Schneyder. In the 2020 Order (NYSCEF Doc. Nos. 224-225), the Court found that there was no issue of fact as to

**651384/2013   FEIGER, SAUL vs. RAY ENTERPRISES, LLC**                                                    **Page 2 of 7**
  **Motion No.  004**

2 of 7

the origin of the escrow funds and that it was undisputed that Shneyder and Ferguson each had a 50% interest in those properties, therefore the funds should be distributed equally. The Court further found that Shneyder had been assigned a partially satisfied money judgment which had been entered against Ferguson (NYSCEF Doc. No. 251, "Judgment"), and that the funds in escrow should be offset in Ray's favor for purposes of satisfying the Judgment. The Court dismissed RJ's first through sixth crossclaims because they were unrelated to the underlying interpleader action. RJ's seventh crossclaim was granted, and Plaintiff was directed to provide an accounting for the Chestnut Street property.

The Appellate Division, First Department reversed, holding that the crossclaims should not have been dismissed even if they were unrelated to the interpleader action (195 AD3d 443 [1st Dept 2021]; NYSCEF Doc. No. 226). It held that it was premature to distribute the escrow funds until the crossclaims were adjudicated.

The parties having conducted discovery and a Note of Issue having been filed, Ray now moves again for summary judgment dismissing RJ's first through sixth crossclaims and seeks distribution of the escrow funds in accordance with the 2020 Order. RJ opposes the motion.

Ray argues that, now that discovery is complete, it is entitled to summary judgment dismissing RJ's crossclaims. It argues that the orders and agreements reached in arbitration and in the Water Street property foreclosure action preclude RJ's crossclaims here. It further argues that the crossclaims arise out of the Max Hill Operating Agreement and either have already been adjudicated in arbitration as required by that agreement or cannot be brought under the laws of the State of Delaware, which Ray contends is the controlling law in accordance with the agreement. Ray further maintains that once the crossclaims are dismissed, summary judgment

**651384/2013   FEIGER, SAUL vs. RAY ENTERPRISES, LLC**
**Motion No.  004**

**Page 3 of 7**

[* 3]

3 of 7

must be granted as to the interpleader action in accordance with the 2020 Order deciding those claims as that determination is the law of the case.

In opposition, RJ argues that there was never a full and final hearing at arbitration and that "[t]he remedial orders of [the American Arbitration Association] were directed to dissolution and winding up of the company and are not the procedural equivalent of a disposition on the merits" (NYSCEF Doc. No. 259, RJ's Memo of Law in Opposition, 21). It disputes that Delaware law precludes seeking such relief and denies that the Court must apply Delaware law at all. It further argues that Ray cannot maintain that RJ is barred from seeking this relief as it did not make that argument in its first summary judgment motion. RJ maintains that issues of fact exist requiring denial of the motion, and that in turn any judgment set-off is premature.

Section 7.11 of the Max Hill Operating Agreement provides, *inter alia*, that it "shall be governed by, construed, applied and enforced in accordance with the laws of the State of Delaware" (Operating Agreement, 12). Section 7.12 states, in full:

> Arbitration.
>
> ANY DISPUTE BETWEEN OR AMONG THE PARTIES TO THIS
> AGREEMENT RELATING TO OR IN RESPECT OF THIS AGREEMENT, ITS
> NEGOTIATION, EXECUTION, PERFORMANCE, SUBJECT MATTER, OR
> ANY COURSE OF CONDUCT OR DEALING OR ACTIONS UNDER OR IN
> RESPECT OF THIS AGREEMENT, SHALL BE SUBMITTED TO, AND
> RESOLVED EXCLUSIVELY PURSUANT TO ARBITRATION IN
> ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF
> THE AMERICAN ARBITRATION ASSOCIATION. SUCH ARBITRATION
> SHALL BE FINAL, CONCLUSIVE AND BINDING ON THE PARTIES.
> UPON THE CONCLUSION OF ARBITRATION, THE PARTIES MAY APPLY
> TO ANY COURT OF THE TYPE DESCRIBED IN SECTION 7.11 TO
> ENFORCE THE DECISION PURSUANT TO SUCH ARBITRATION. IN
> CONNECTION WITH THE FOREGOING, THE PARTIES HEREBY WAIVE
> ANY RIGHTS TO A JURY TRIAL TO RESOLVE ANY DISPUTES EOR
> CLAIMS RELATING TO THIS AGREEMENT OR ITS SUBJECT MATTER.
> THE PARTIES HERETO AGREE THAT ANY DISPUTES RELATING
> TOTHIS AGREEMENT, THE CONSULTING AGREEMENT OR THE
> PRODUCTION AGREEMENT MAY BE CONSOLIDATED INTO ONE

**651384/2013 FEIGER, SAUL vs. RAY ENTERPRISES, LLC**
**Motion No. 004**

**Page 4 of 7**

4 of 7

[* 4]

ACTION BEFORE AN ARBITRATOR TO RESOLVE ALL SUCH DISPUTES SIMULTANEOUSLY.

(*Id.* at 12-13).

A party seeking summary judgment pursuant to CPLR 3212(b) "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). If such showing is made, the burden shifts to the opposing party "to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324).

In furtherance of New York's "long and strong public policy favoring arbitration" (*Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39, 49 [1997]), CPLR 7501 provides that "[a] written agreement to submit any controversy . . . to arbitration is enforceable." It is well settled that arbitration is a favored method of dispute resolution in New York, and that New York courts will "interfere as little as possible with the freedom of consenting parties to submit disputes to arbitration" (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 66 [2007]). The public policy of the State of Delaware likewise favors arbitration (*Kuhn Constr., Inc. v Diamond State Port Corp.*, 990 A2d 393, 396 [Del Sup Ct 2010]). The Delaware Supreme Court has held: "When sophisticated parties enter into agreements, we grant them the power to bargain away their right to an impartial arbiter. However, the contract must reflect that the parties clearly and intentionally bargained for whether and how to arbitrate" (*id.*; *see also James & Jackson, LLC v Willie Gary, LLC*, 906 A2d 76, 79 [Del Sup Ct 2006]).

The Court finds that the allegations made in support of RJ's first through sixth crossclaims fall within the scope of the broadly worded arbitration clause contained in the Max Hill Operating Agreement and that Shneyder and Ferguson clearly and intentionally contracted

651384/2013  FEIGER, SAUL vs. RAY ENTERPRISES, LLC
Motion No.  004

Page 5 of 7

to have claims such as these resolved in arbitration. RJ's argument that the prior arbitration award and other orders did not constitute a full, fair, and binding resolution of those claims has no bearing on whether it may maintain those claims here. Even if RJ's claims were not fully resolved by that arbitration proceeding, the Operating Agreement does not permit RJ/Ferguson to seek resolution of the claims in this action. Accordingly, Ray has demonstrated prima facie entitlement to summary judgment, RJ fails to raise a triable issue of fact, and the first through sixth crossclaims must be dismissed.

Turning to the underlying interpleader action, the 2020 Order found that the parties agreed that the funds in escrow were from the sale of the Chestnut Street and Euclid Street properties only and not from Max Hill or the Water Street property. The Court further found that the parties each had 50% interest in the entities that owned the Chestnut Street and Euclid Street properties (NYSCEF Doc. No. 224, 8-9). It therefore found the funds should be distributed equally subject to the Judgment set-off. RJ does not argue that those findings were incorrect or that the funds should be distributed another way, except to say that is entitled to adjudication of its crossclaims first. The Court has now dismissed those crossclaims, and in the absence of any other opposition to the prior decision's distribution determination, that branch of Ray's motion seeking distribution in accordance with the 2020 Order is granted and it is hereby:

ORDERED that RJ's first through sixth crossclaims are dismissed; and it is further

ORDERED that the funds in escrow shall be distributed equally between the parties with a set-off in Ray's favor for purposes of satisfying the Judgment; and it is further

ORDERED that within thirty (30) days Plaintiff shall file with the Court an updated statement as to the funds in escrow; and it is further

**651384/2013   FEIGER, SAUL vs. RAY ENTERPRISES, LLC**
**Motion No.  004**

**Page 6 of 7**

ORDERED that within thirty (30) days Plaintiff shall settle an order on notice to the

Defendants distributing the escrow finds in accordance with the Court's May 12, 2020 Decision

and Order.

All other relief sought is denied.  This constitutes the Decision and Order of the Court.

| __4/2/2024__ | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **LORI S. SATTLER, J.S.C.** | | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| **APPLICATION:** | X | SETTLE ORDER | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**651384/2013   FEIGER, SAUL vs. RAY ENTERPRISES, LLC**
**Motion No.  004**

Page 7 of 7

7 of 7

[* 7]