Swallows v W N.Y. Times Sq. (2024 NY Slip Op 04629)

Swallows v W N.Y. Times Sq.

2024 NY Slip Op 04629

Decided on September 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2024

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Pitt-Burke, JJ. 

Index No. 153537/22 Appeal No. 2635 Case No. 2024-00313 

[*1]Rodney Swallows, Plaintiff-Appellant,
v
W New York — Times Square, Defendant-Respondent.

Robertson & Associates, New York (Kurt Robertson of counsel), for appellant.
Chesney, Nicholas & Brower, LLP, Syosset (Gregory E. Brower of counsel), for respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered December 4, 2023, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff commenced this personal injury action after a 40-to-60-pound safe fell on him while he was staying at defendant hotel in January 2022. In moving for summary judgment, defendant failed to meet its prima facie burden that it neither created nor had actual or constructive notice of the dangerous condition by submitting evidence that the room was inspected two years earlier. The inspection report did not have probative value because it was performed two years before plaintiff's accident, and failed to provide any specific details as to the inspection so as to establish defendant's lack of notice (see Lattimore v Thackurdeen, 194 AD3d 914, 915 [2d Dept 2021]). Defendant did not address how often the hotel safes were inspected, and what, if any, steps were taken to ensure that a safe, which in this case was placed on a high closet shelf, remained securely affixed to the wall (see Doherty v 730 Fifth Upper, LLC, 227 AD3d 606, 607 [1st Dept 2024]). Here, a physical inspection of the in-room safe would have been reasonable and revealed whether the safe was firmly secured to the wall (see id. at 316).
Defendant's failure to establish its entitlement to judgment as a matter of law requires denial of the motion, "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2024