| |
|---|
| **Bryan v Sanchez** |
| 2025 NY Slip Op 32112(U) |
| June 10, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514553/2023 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 10th day of June 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

BUMEE BRYAN,

                                    Plaintiff,

        -against-

ODILBER MARTINEZ SANCHEZ
AND E & S MAINTENANCE US, INC.,

                                    Defendants.

**DECISION & ORDER**
Index No.:      514553/2023

Calendar No.:  14

Motion Seq.:   001

*Recitation of the following papers as required by CPLR 2219(a):*

|  | Papers Numbered |
|---|---|
| Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 24-36) | 1, 2 |
| Affirmation and Exhibits in Opposition (NYSCEF 37-39) | 3 |
| Reply Affirmation and Exhibits (NYSCEF 40-41) | 4 |

*Upon the foregoing papers and after oral argument, the decision and order of the Court is as follows:*

This is an action for personal injuries arising out of a motor vehicle accident on 5/23/2022 at the intersection of Tompkins Avenue and Kosciuszko Street. Plaintiff has moved for summary judgment against defendants on the issue of liability and dismissing defendant's affirmative defenses relating thereto. In support of the motion, plaintiff submits, *inter alia*, the parties' deposition testimony and a dash camera video (NYSCEF 31, 32, 24, 36). The video demonstrates that defendant failed to yield or stop at the stop sign on Kosciuszko Street before

entering the intersection, striking plaintiff's vehicle on Tompkins Avenue in violation of VTL § 1142 [a].

Defendant argues that summary judgment is inappropriate because a jury must determine the parties' credibility. However, defendant concedes that he failed to see plaintiff's vehicle before proceeding through the stop sign (NYSCEF DOC. 32, p.26, lines 17-22; DOC. 37, ¶4).

When deciding a summary judgment motion, the Court's role is solely to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.,* 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.,* 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court views the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (see *Negri v Shop & Stop, Inc.,* 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (see *Cameron v City of Long Beach,* 297 AD2d 773, 774 [2d Dept. 2002]). ). Once plaintiff establishes a *prima facie* entitlement to summary judgment, "the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank,* 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital,* 68 NY2d 324).

A violation of the Vehicle and Traffic Law constitutes negligence per se (*Siezeme v Levy,* 208 AD3d 809, 810 [2nd Dept 2022]). However, a party with the right of way may be held responsible for the accident if he or she did not use reasonable care to avoid the accident even

[* 2]

though proceeding with the right-of-way (*Jeong Sook Lee-Son v Doe*, 170 AD3d 973, 975 [2d Dept. 2019]).

The video, together with defendant's admission that he failed to see plaintiff's vehicle before proceeding through intersection, establishes a *prima facie* entitlement to summary judgment (*Siezeme v Levy*, 208 AD3d 810; *Rodriguez v City of New York*, 31 NY3d 312 [2018]). Plaintiff has established that defendant was negligent as a matter of law for the accident without any negligence on the part of plaintiff contributing thereto. The video demonstrates that defendant never stopped at the sign before entering the intersection. Defendant failed to demonstrate the existence of a question of fact to warrant the denial of summary judgment on the issue of their negligence and the dismissal of their second, sixth and eight affirmative defenses (*Giuffrida v Citibank*, 100 NY2d 81 and *Alvarez v. Prospect Hospital*, 68 NY2d 324; CPLR § 3212 [b]).

The Court has considered the parties' remaining arguments and finds same to be without merit.

Accordingly, it is hereby

ORDERED that plaintiff's motion for an order of summary judgment on the issue of liability and defendants' negligence is granted, and it is further

ORDERED that defendants' second, sixth and eighth affirmative defenses are dismissed, and it is further

[*3]

ORDERED that this action shall proceed to trial on damages only.

This constitutes the decision and order of the Court.

ENTER:

_____

Hon. Anne J. Swern, J.S.C.

Dated: 6/10/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

[*4]