**Settanni v Moynihan Sta. Dev. Corp.**

2025 NY Slip Op 32207(U)

June 23, 2025

Supreme Court, New York County

Docket Number: Index No. 154318/2021

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM                                PART                    04

*Justice*

------------------------------------------------------------------------X

MARK SETTANNI,

                        Plaintiff,

                    - v -

MOYNIHAN STATION DEVELOPMENT CORPORATION,
MOYNIHAN TRAIN HALL DEVELOPER, LLC, VORNADO
REALTY, L.P., VORNADO REALTY TRUST, THE
RELATED COMPANIES, INC., EMPIRE STATE
DEVELOPMENT CORPORATION,

                        Defendants.

------------------------------------------------------------------------X

|  |  |
|---|---|
| INDEX NO. | 154318/2021 |
| MOTION DATE | 11/26/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52

were read on this motion for                JUDGMENT - SUMMARY       .

Upon the foregoing documents, plaintiff's motion for summary judgment as to liability on his Labor Law §240(1) claim is denied.

## FACTUAL BACKGROUND

Plaintiff testified as follows: On October 21, 2019, plaintiff was working as a carpenter for non-party Skanska USA Civil on the Moynihan Train Hall conversion. On that date, plaintiff was working on 31st Street between 8th and 9th Avenues, inside a "bollard pit" approximately four feet deep, twelve feet wide and several hundred feet long, assembling forms into which concrete would be poured. While he was working, a wooden plank weighing approximately thirty pounds was placed vertically in the bollard pit by another Skanska employee. One of plaintiff's coworkers knocked the plank over and it fell onto plaintiff, who was working on his hands and knees at that time, injuring him.

**154318/2021  SETTANNI, MARK vs. MOYNIHAN STATION DEVELOPMENT CORPORATION,**     **Page 1 of 4**
  **Motion No.  002**

1 of 4

[* 1]

Plaintiff commenced this action on May 4, 2021, asserting violations of Labor Law §§200, 240, 241(6). Plaintiff now moves for partial summary judgment as to liability on his Labor Law §240(1) claim. Defendants oppose the motion, arguing that no Labor Law §240(1) claim lies because the alleged accident does not involve an object being hoisted or falling from a great height.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]).

> Labor Law §240(1), also known as the "Scaffold Law," provides that
>
> All contractors and owners and their agents … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed

(Labor Law § 240[1]).

Contrary to defendants' position, the fact that plaintiff and the wood plank were on the same level does not necessarily preclude this claim (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 9 [2011]). Rather, "[w]here a load positioned on the same level as the injured worker falls a short distance, Labor Law §240(1) applies if the load, due to its weight, is capable of generating significant force" (*Grigoryan v 108 Chambers St. Owner, LLC*, 204 AD3d 534 [1st

**154318/2021   SETTANNI, MARK vs. MOYNIHAN STATION DEVELOPMENT CORPORATION,**   **Page 2 of 4**
   **Motion No.  002**

[* 2]

2 of 4

Dept 2022] [internal citations omitted]). However, whether the wooden plank here generated such force, given its weight and the distance it traveled, cannot be determined as a matter of law on this motion (*see Palermo v 7 W. 21 LLC*, 192 AD3d 560, 561 [1st Dept 2021] [plaintiff's motion for summary judgment on Labor Law §240(1) properly denied where 175-200 pound wooden form fell three to four feet onto plaintiff's foot]; *see also Lopez v 106 LPA LLC*, 222 AD3d 526, 527 [1st Dept 2023] [plaintiff and defendants' motions for summary judgment on Labor Law §240(1) claim properly denied where four-foot by two-foot concrete form weighing approximately fifty pounds, leaning at the same level as plaintiff fell onto plaintiff]; *cf. Harris v City of New York*, 83 AD3d 104, 110 [1st Dept 2011] [trial court erred in denying plaintiff's motion for summary judgment on Labor Law 240(1) claim involving one ton slab's descent of three to four feet]).

Even assuming that the plank generated the requisite force, a further issue of fact would remain "as to whether there was a safety device of the kind contemplated by Labor Law §240 (1) that could have prevented his accident" (*Palermo v 7 W. 21 LLC*, 192 AD3d 560, 561 [1st Dept 2021]). No evidence has been presented on this motion to establish that one of the safety devices enumerated in the statute should have been employed. While plaintiff relies on the testimony of Skanska Superintendent Peter Zimmerman on this point, Zimmerman testified only that the "proper procedure" in placing a plank in the bollard pit was for the man in the pit to "receive" the plank and "stabilize it" (NYSCEF Doc No. 39, Zimmerman EBT tr. at p. 34). Whether this stabilization involved a safety device was not addressed in his testimony, and it is therefore insufficient to carry plaintiff's burden (*cf. Spero v 3781 Broadway, LLC*, 214 AD3d 546, 546-47 [1st Dept 2023] ["the deposition testimony, photographic evidence and opinion of plaintiff's safety expert established that the heavy plywood board constituted a load that required securing for the undertaking"]).

154318/2021   SETTANNI, MARK vs. MOYNIHAN STATION DEVELOPMENT CORPORATION,          Page 3 of 4
Motion No. 002

3 of 4

[* 3]

Accordingly, it is

**ORDERED** that plaintiff's motion for summary judgment on his Labor Law §240(1) claim is denied; and it is further

**ORDERED** that defendants shall serve a copy of this decision and order, with notice of entry, upon plaintiff as well as the Clerk of the Court; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "EFiling" page on this court's website).

The Note of Issue having been filed on September 30, 2024, this Court notes that this action is ready for trial in the Part 40.

This constitutes the decision and order of the Court.

| 6/23/2025 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **HON. JUDY H. KIM, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**154318/2021  SETTANNI, MARK vs. MOYNIHAN STATION DEVELOPMENT CORPORATION,**   Page 4 of 4
  **Motion No.  002**

[* 4]                                                     4 of 4