| |
|---|
| **Robinette v Feuerwerker** |
| 2025 NY Slip Op 33012(U) |
| July 23, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509495/2025 |
| Judge: Wavny Toussaint |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 23ʳᵈ day of July, 2025.

P R E S E N T :

HON. WAVNY TOUSSAINT,
                          Justice.

---

JACQUELINE A. ROBINETTE,

                    Plaintiff,

          -against-

JOSEPH FEUERWERKER, QUINN M. MCHUGH and ERICA MCHU,

                    Defendants.

---

Index No.: 509495/2025

MS # 1

**DECISION AND ORDER**

| The following papers numbered 1 to read herein | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 20-30 |
| Cross Motion and Affidavits (Affirmation) Annexed | |
| Answers/Opposing Affidavits (Affirmations) | 37-38; 40-43 |
| Reply Affidavits (Affirmations) | 44 |
| Affidavit (Affirmation) | |
| Other Papers | |

Plaintiff moves (Seq. 1) for an order, pursuant to CPLR § 3212, granting summary judgment as to defendants' liability; dismissing defendants Quinn M. McHugh and Erica McHugh's "First", "Sixth", and "Eleventh" affirmative defenses and defendant Joseph Feuerwerker's affirmative defense of comparative negligence as set forth in the "Sixth" paragraph of the answer; and for a finding that the defendants were the sole proximate cause

1 of 5

[* 1]

of the accident and that plaintiff is free from comparative fault. Defendants oppose the motion.

## BACKGROUND

In this motor vehicle accident case, plaintiff alleges that on January 18, 2024 at about 10:18 a.m., heavy traffic caused her to come to a stop while traveling west bound on the Staten Island Expressway (I-278), near Bradley Avenue, in Richmond County, New York. A few seconds after coming to a stop, plaintiff alleges her vehicle was struck in the rear by the vehicle owned and operated by defendant Joseph Feuerwerker ("Feuerwerker"). A few moments after this initial impact, the vehicle operated by defendant Quinn M. McHugh and owned by defendant Erica McHugh (the "McHughs"), struck the rear of Feuerwerker's vehicle, thereby causing Feuerwerker's vehicle to lurch forward, striking plaintiff's vehicle a second time.

On March 21, 2025, plaintiff initiated this action by summons and complaint alleging she sustained serious personal injuries because of the accident. Issue was joined on April 11, 2025 and May 6, 2025, respectively, when defendants interposed answers.

## THE PARTIES' CONTENTIONS

Plaintiff now moves (Seq. 1) for summary judgment as to liability arguing there is no non-negligent explanation for defendants' rear-end collisions with plaintiff's stopped vehicle. On this basis, plaintiff argues the affirmative defenses asserted by defendants must be dismissed and plaintiff found free from comparative fault. The McHughs contend the motion is premature as a deposition of plaintiff and the other parties have not been conducted to ascertain the details of the accident. They further contend, that where plaintiff alleges a

2

[*2]

chain reaction of two impacts and as the police report only references a single impact, questions of fact are raised as to how the accident occurred. Feuerwerker additionally contends plaintiff cannot rely on the accident report to establish liability, as courts have held that a report prepared by a police officer who did not witness the accident does not constitute admissible evidence and in any event, the report is not certified and thus not in admissible form. Further, Feuerwerker contends the self-serving affidavit from plaintiff is not enough to establish liability.

In reply, plaintiff argues, among other things, that defendants concede lack of comparative fault as they do not directly address the issue in the opposition papers. Additionally, plaintiff argues there is no question of fact as to the McHughs' liability based on their confirmation that their vehicle struck Feuerwerker's in the rear, and because Feuerwerker does not assert the emergency doctrine as a defense. Plaintiff argues none of the defendants directly refute plaintiff's claim that her vehicle was fully stopped at the time of the rear-end impacts. Plaintiff also argues the motion is not premature and that defendants fail to demonstrate how further discovery would lead to evidence relieving them from liability.

## DISCUSSION

In support of the motion, plaintiff relied primarily on her own affirmation, the Bill of Particulars and, contrary to Feuerwerker's contention, the certified Police Accident Report. These submissions, taken together, demonstrate that plaintiff's vehicle was at a complete stop before the rear-end impacts occurred. Plaintiff stated the car ahead of hers came to a stop in traffic, at which point she brought her vehicle to a complete stop behind it, and that

3

[* 3]

her vehicle never moved again until the time of the initial rear impact. This statement is confirmed by the Bill of Particulars and the certified Police Accident Report.

Here, plaintiff established *prima facie* entitlement to judgement as a matter of law on the issue of liability by demonstrating that she was fully stopped at the time her vehicle was rear-ended by the vehicle operated by Feuerwerker, which was subsequently struck by the vehicle operated by defendant Quinn McHugh. It is well established that "[a] rear-end collision with a stopped or stopping vehicle establishes a *prima facie* case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (*Chowdbury v Elshaer*, 233 AD3d 1022, 1024 [2d Dept 2024]; *Lopez v Dobbins*, 164 AD3d 776, 777 [2d Dept 2018]). The plaintiff also established *prima facie* entitlement to judgment as a matter of law dismissing defendants' affirmative defenses by demonstrating that she was not comparatively at fault in the happening of the accident (*Barr v Canales*, 231 AD3d 786, 788 [2d Dept 2024]).

In opposition, defendants failed to raise any triable issues of fact regarding whether they had a non-negligent explanation for the accident or whether plaintiff was comparatively at fault in the happening of same (*Barr*, 231 AD3d at 787; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

## CONCLUSION

Accordingly, it is hereby

ORDERED, that plaintiff's motion (Seq. 01) for summary judgment on the issue of liability, is granted; and it is further

4

[* 4]

ORDERED, that defendants Quinn M. McHugh and Erica McHugh's "First", "Sixth", and "Eleventh" affirmative defenses and defendant Joseph Feuerwerker's affirmative defense of comparative negligence as set forth in the "Sixth" paragraph of the answer, are all dismissed; and it is further

ORDERED, that discovery may continue as to the fault to be apportioned between the co-defendants and on the issue of plaintiff's damages.

This constitutes the decision and order of the Court.

ENTER

_____
J.S.C.

**HON. WAVNY TOUSSAINT
J.S.C.**

KINGS COUNTY CLERK
FILED
2025 JUL 25 A 8: 52

[* 5]